GANO and Others *v.* ALDRIDGE and Others.

DEED.—CONSTRUCTION OF.—Some effect will, if possible, be given to a deed, for it will not be intended that the parties meant it to be a nullity.

SAME.—Words of particular description will control more general terms of description.

SAME.—Two deeds, by the same grantor, described the lands intended to be conveyed thereby as follows: 1. " A part of fractional section number 19, being the half of the west half of the north-west quarter of section number 29, in township 7 south, of range 14 west, containing 40 acres."  2. "A certain tract of land in *Posey* county, lying on the *Wabash* river, with numbers as follows: the half of a fraction number 29, (it's the west half of the fraction,) containing five acres, in township 7 south, of range 14 west."

*Held*, that as to the first conveyance, the words " a part of fractional section number 19" being rejected, as contradicting the more particular description which follows, it was good to pass an undivided half of the west half of the north-west quarter, &c.

*Held*, also, that as to the second deed, the description was unintelligible, and no effect could be given to it without evidence *aliunde*.

APPEAL from the *Posey* Circuit Court.

FRAZER, J.—Ejectment for the south-west quarter of the north-west quarter of section 29, township 7 south, of range 14 west, in *Posey* county.  There was a finding and judgment for the plaintiffs.

The only question to be considered is whether the finding was contrary to the evidence, and this depends upon the effect to be given to two deeds made by the ancestor of the plaintiffs, *William Aldridge*, from whom they claim title by inheritance.

The first of these deeds was from *William Aldridge* to *Adam Albrite*, and purports to convey "a certain tract of land situated in the county of *Posey* and State of *Indiana*, lying on the *Wabash* river, with the numbers as follows: a part of fractional section number 19, being the half of the west half of the north-west quarter of section number 29, in township number 7 south, of range 14 west, containing 40 acres, and also a small fraction of land, for quantity, be-

Gano and Others *v.* Aldridge and Others.

ginning at the north-west corner of the aforesaid 40 acres, thence running with the west line sixteen poles, thence running to the river, a north corner, supposed to contain 4 acres." This deed was put in evidence by the defendants below for the purpose of showing that title to the lands in controversy, or to some part thereof, had passed out of the ancestor of the plaintiffs during his lifetime, and became vested in *Albrite.* Though the lands are very awkwardly described, yet we think that it may be ascertained with sufficient certainty from the language, that the undivided half of the lands in controversy was intended to be conveyed. Some effect will, if possible, be given to the instrument, for it will not be intended that the parties meant it to be a nullity. It is a rule of construction that words of particular description will control more general terms of description, when both cannot stand together. *Moore* v. *Griffin,* 9 Shep. 350. Applying that rule here, all that is said of "fractional section number 19" must be rejected, as contradicting the following definite description of the lands in section 29. Of this last, "the half of the west half of the north-west quarter" is conveyed. This is definite, except as to the "half," and the language in that respect cannot be effective to convey any particular half. But there is nothing which forbids a construction which will make it good for an undivided half, and this it may receive. It was, we think, therefore, not void for uncertainty. There was no evidence *aliunde* to aid in giving a construction to this deed. We have merely the instrument itself, and the fact that at its date the grantor was seized of the west half of said north-west quarter.

The other deed alluded to is executed by said *William Aldridge,* and purports to convey to one *Elizabeth Aldridge,* "a certain tract of land in the county of *Posey,* lying on the *Wabash* river, with numbers as follows, to-wit: the half of a fraction number 29, it's the west half of the fraction, containing five acres, more or less, in township 7 south, of range number 14 west." There may be facts not known to

us judicially by which this description might be applied to a subject matter and appear to be intelligible. But there were no such facts in evidence. We cannot assume that the "fraction number 29," means section 29. Standing alone, we know not by what admissible process of reasoning any court could give it any effect whatever.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. Pitcher,* for appellants.

*E. Lewis* and *W. Loudon,* for appellees.