No. 9552.

HACKLEMAN v. THE BOARD OF COMMISSIONERS OF HENRY COUNTY.

CONTRACT.—*Construction.*—*Unimportant Parts Suppressed.*—*County Bounties to Soldiers for Particular Regiment.*—*Enlistment Under Offer and Service in Another Regiment.*—It is a rule of construction that a contract should be upheld rather than defeated. Force and validity will be given to all its parts and terms, if possible, but comparatively unimportant parts will be disregarded, if in that way only the contract can be sustained, especially where the party seeking relief has performed the service required of him, and in the manner required, except in unimportant particulars, which, without his fault, were put beyond his control. A county, authorized thereto by law, offered bounties for the enlistment and service of soldiers in the 69th regiment Indiana volunteers. A. accepted the offer and enlisted for that regiment, but afterwards, without his consent, was mustered into and served in the 84th regiment.
*Held,* that he was entitled to the bounty.

From the Henry Circuit Court.

*M. E. Forkner* and *J. M. Morris,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

WOODS, J.—The appellant presented to the Board of Commissioners of Henry County his petition for an allowance, alleging, in substance, the following facts: That on the 22d day of July, A. D. 1862, the Board of Commissioners of said county made, and caused to be spread of record, the following order, to wit: "Whereas, according to an act approved May

11th, 1861, the board of commissioners of the several counties of the State are authorized to appropriate," etc., "and to make such appropriations for the purchase of arms and equipments and for the raising and maintaining of military companies within their respective jurisdictions, either for home defence or for the service of this State or of the United States, and to make such regulations as they may think right and proper in the distribution of said appropriation; and whereas the exigencies of the times require that two companies of volunteers be immediately raised in Henry county for the service of the United States in the 69th regiment of Indiana volunteers: Therefore it is ordered that there be appropriated from the county treasury to each private who may volunteer from Henry county in either of said companies the sum of eight dollars and thirty-three cents per month, for and during the time he remains in the service of the United States as a private or non-commissioned officer in said 69th regiment, for any time not exceeding three years. It is also ordered that the sum of eight dollars and thirty-three cents per month be appropriated on condition as above to any number not exceeding fifteen who may volunteer in the artillery company to be formed immediately in eastern Indiana; that said several appropriations shall be paid at the end of each month from the time said regiment or company is mustered into service, on the warrant of the auditor," etc. "In order that the foregoing order may be carried out, it is required of each of the captains of said companies or the artillery company to certify to the county auditor the names of the privates and non-commissioned officers of the respective companies, and the date when the regiment or artillery company was mustered," etc. "It is further required of the captains of said companies to certify to the auditor any death, discharge, or promotion to a commissioned office. " Signed by the members of the board.

In pursuance of this order, and expecting to receive the benefit of it, the appellant, who was a resident of said county,

on the 25th day of July, 1862, volunteered and enlisted in the service of the United States as a private soldier, to be mustered into said service as a member of the 69th regiment, and this he did, before two companies had enlisted from said county for said regiment or for any other service in the U. S. army, after the making of said order.    He enlisted for three years or during the war, was credited to said county, and to the number of òne supplied the quota of the county.   Immediately upon his enlistment, he was sworn into the ·military service of the United States, and thereupon removed to Camp Wayne, at Richmond, Indiana, where, being under military authority and control, he was, on the 3d day of September, 1862, without his consent, mustered into the service of company " F," and assigned to the 84th regiment of Indiana volunteer infantry, being at the time informed by said authorities that the 69th regiment was then full by volunteers from other counties.   He fully complied with said order, so far as he could, and, having served as a private soldier for three years and a month, was honorably discharged on the 14th day of September, 1865. In further compliance with the order, he procured the certificate of his captain to the auditor, showing the date of his muster into the service.   Wherefore, etc.

The attorney of the appellee filed a demurrer for want of facts to this petition, which is called a complaint. The board sustained the demurrer, and dismissed or refused to allow the claim.    Appeal was taken to the circuit court, which also sustained the demurrer, and gave judgment for the appellee. The appellant saved an exception, and has assigned error on the ruling.

We have no brief from the appellee, but, by the brief of the appellant, are informed that the ruling of the court was based on the ground that the appellant had not shown a compliance with the contract on his part, in that he did not serve in the 69th regiment.    There is no other respect in which it has been suggested, or has occurred to us, that the statement of the claim can be deemed defective or insufficient.    Under

the law referred to, the board was authorized to offer the proffered bounty, and the appellant, having accepted the offer, and having volunteered and enlisted, with the intention of serving in the regiment designated, is entitled to the stipulated bounty for the time which he served, unless the fact that he was mustered into another regiment, against his own consent, and by an authority over which he had no control, and which, indeed, he was bound to obey, must be held to defeat his right. We do not think the contract should be so interpreted. It is a familiar rule of construction, that the contract should be supported rather than defeated. "Where there is room for it, the court will give a rational and equitable interpretation, which, though neither necessary nor obvious, has the advantage of being just and legal, and supposes a lawful contract which the parties may fairly be regarded as having made. So, for the same reason, all the parts of the contract will be construed in such a way as to give force and validity to all of them, and to all of the language used, where that is possible. And even parts or provisions which are comparatively unimportant, and may be severed from the contract without impairing its effect or changing its character, will be suppressed as it were, if in that way, and only in that way, the contract can be sustained and enforced." 2 Parsons Contracts, 505.

It is evident that the main purpose of the board of commissioners, in proffering the bounties mentioned in their order, was to procure the enlistment from that county, and to its credit, of soldiers in the national service; and it is not to be believed that it was designed that the soldier, who should be thereby induced to enlist, should not have the benefit of the bounty, unless he served in a particular regiment, when his failure so to serve resulted from causes beyond his own control. From the time of his enlistment, the status of the appellant, as a soldier, was irrevocably fixed, and the averment of his complaint being that his assignment to the 84th regiment was made without his consent, we hold that he can not for that

cause be denied the right to claim the proposed bounties. The substantial benefits contemplated by the board were accomplished by his enlistment and actual service in the army; and the involuntary failure to perform a condition comparatively unimportant can not be permitted to deprive the appellant of the entire benefit and consideration of the contract on his part.

It is insisted that, if the appellant enlisted in or for the 69th regiment, the military authorities had no authority to assign him to another regiment without his consent. Whether the officers had such authority is a question of law, the decision of which either way can not affect the averment, admitted by the demurrer to be true, that the assignment was made, as alleged, without the appellant's consent.

The judgment is reversed, with costs and with instructions to overrule the demurrer.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.