No. 9372.

**BURNS ET AL. *v.* THE SINGER MANUFACTURING COMPANY.**

REVIEW OF JUDGMENT.—*Parties.*—*Principal and Sureties.*—Joint judgment defendants, sureties upon a bond, may unite in a complaint to review the

judgment against them on the bond, and the principal, a judgment defendant, though he may have no interest in the matter upon which errors of law are alleged in the action for review, may be made either a party plaintiff or defendant.

BOND.—*Principal and Surety.*—*Contract.*—*Consideration.*—*Principal and Agent.* —*Pleading.*—Suit against the principal and sureties on a bond conditioned, amongst other things, for the payment by the principal of "every indebtedness now existing or which may hereafter be incurred" by him to the plaintiff; the breach alleged being the non-payment of certain notes given for machines sold by the plaintiff to the principal on the faith of the bond. Answer by the sureties, that the plaintiff and the principal entered into a written contract (exhibited) whereby the principal became agent of the plaintiff, who took, at the same time, from the principal the bond sued on, both forming one contract, and that the contract of agency was afterwards annulled, after which the sewing machines were sold and the notes given mentioned in the complaint.

*Held,* that the complaint was good on demurrer.

*Held,* also, that the general words of the bond must be restrained so as to apply only to indebtedness growing out of the agency, and that the answer was good on demurrer.

From the Decatur Circuit Court.

*J. S. Scobey, J. D. Miller, F. E. Gavin* and *A. H. Fisher,* for appellants.

*L. Maxwell, Jr., W. B. Wilson* and *D. Wilson,* for appellee.

BICKNELL, C. C.—This was a complaint to review a judgment obtained by the appellee against the appellants in the Decatur Circuit Court, upon a joint and several bond for $2,000, executed by the appellants to the appellee, and dated October 7th, 1874. The complaint alleged error of law in the judgment sought to be reviewed, in this, to wit:

1. The court erred in overruling the demurrer of E. R. Forsyth to the complaint of said Singer Manufacturing Company.

2. The court erred in sustaining the demurrer of the said Singer Manufacturing Company to the first paragraph of E. R. Forsyth's separate answer.

3. The court erred in sustaining the said company's demurrer to the second paragraph of said E. R. Forsyth's separate answer.

4. The court erred in sustaining the demurrer of the said company to the first paragraph of Columbus Burns' separate answer.

5. The court erred in sustaining the demurrer of the said company to the fourth paragraph of said Columbus Burns' separate answer.

The defendant demurred to this complaint for review, for want of facts sufficient, etc. The court sustained the demurrer, and, the plaintiffs declining to amend the complaint, final judgment was rendered against them upon the demurrer. The plaintiffs appealed. The only error assigned is the following: The said appellants come, and each severally alleges and says that the court erred in sustaining the demurrer of the appellee to the complaint of the appellants.

The judgment sought to be reviewed was a joint judgment upon the bond against all the defendants in the original suit. They all unite in the complaint for review, but the errors of law alleged to exist in the proceeding sought to be reviewed are all errors against the sureties on the bond. No error is alleged as against William H. Forsyth, the principal in the bond. He has really, therefore, no interest in the complaint for review; but the technical rule requires that all the parties to the original suit must be parties to the bill of review; Story's Eq. Pl. 335; and it is held that if a person not a party to the original suit has become interested in the subject-matter he may be made a defendant to the suit for review. Mitford Eq. Pl. 89, 90. The statute provides that any party to a judgment may file a complaint for review, 2 R. S. 1876, p. 247, sec. 586; and that on the hearing the court may reverse or affirm the judgment in whole or in part, or modify the same, as justice may require. 2 R. S. 1876, p. 249, sec. 591. In *Sloan* v. *Whiteman*, 6 Ind. 434, it was held that, as a general rule, a bill of review ought to have the same parties as the proceeding sought to be reviewed, but they may be either complainants or defendants, according to their interests in the matter to be reviewed. As Elias R. Forsyth and

Columbus Burns are joint judgment defendants, we think they may properly unite in a complaint for review of that judgment, and, as the technical rule requires William H. Forsyth to be a party to the proceeding, although he has really no interest in the matters upon which the errors of law are alleged, we think it is quite immaterial whether he is made a party plaintiff or a party defendant, and that the complaint for review in this case is not open to the objection that there are too many parties plaintiffs.

The complaint in the original suit was in the common form, and the condition of the bond sued on was as follows:

"If the above bounden William H. Forsyth, his heirs, executors or administrators, shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter in any manner exist or be incurred on the part of the said William H. Forsyth to the said The Singer Manufacturing Company, whether such indebtedness or liability shall exist in the shape of book accounts, notes, renewals, acceptances, endorsements, or otherwise (hereby waiving presentment for payment, notice of non-payment, protest, and notice of protest and diligence, upon all notes, now or hereafter executed, endorsed, transferred, guaranteed or assigned by the said William H. Forsyth to the said The Singer Manufacturing Company), then this obligation to be void, otherwise to remain in full force and effect."

The complaint alleged that on the faith of this bond said company sold said William H. Forsyth four sewing machines, for which he gave the company his four notes, payable to its order, one for $223.75, dated October 4th, 1877; one for $223.75, of the same date; one for $110, dated November 30th, 1877; and one for $65, dated December 31st, 1877; and that all of said notes were due and unpaid. The complaint prayed judgment for the amount of the notes and interest.

There was no error in overruling the demurrer of E. R. Forsyth to this complaint. The bond was joint and several. E. R. Forsyth was not a guarantor but a surety, and by the

terms of his obligation he was liable for every indebtedness now existing, or which hereafter may in any manner exist or be incurred on the part of said W. H. Forsyth to said company. *McMillan* v. *Bull's Head Bank*, 32 Ind. 11 (2 Am. R. 323); *Morgan* v. *Smith American Organ Co.*, 73 Ind. 179. These cases show that no notice of default was necessary to fix the liability of the sureties, and a written instrument promising to pay money implies a consideration. *Beeson* v. *Howard*, 44 Ind. 413.

The answers, to which demurrers were sustained in the original suit, are sufficiently alike to be considered together. They allege in substance that the appellee made a contract with William H. Forsyth, by which he was appointed its agent, and at the same time took from him the bond sued on, bearing even date with the contract of agency; that said contract of agency was shown to appellants E. R. Forsyth and Columbus Burns, by said William H. Forsyth, and that he and the appellee represented to them that the bond was to secure the faithful performance of the duties of such agency; that, in consideration of the contemporaneous execution of said contract of agency, by the parties thereto, the bond was executed, and that the bond and the contract of agency together formed one transaction; that afterwards, without the knowledge or consent of said Elias R. and Columbus, said contract of agency was several times changed, and was finally, on October 4th, 1877, entirely abrogated and said agency was terminated, and all the liabilities of said William H. as such agent were fully settled and accounted for; that afterwards said William H. bought sewing machines from the appellee, for which he gave his notes, upon the non-payment whereof the indebtedness arose for which the judgment sought to be reviewed was rendered. Copies were annexed to the answers of the contract of agency, and of the subsequent contracts. The contract of agency contained this stipulation: "And the said W. H. Forsyth agrees to give satisfactory security for

the payment of his indebtedness to the said company, and for the prompt and faithful fulfilment of the terms and conditions of this agreement." This contract was dated October 27th, 1874. It fixed no time for the end of the agency, but provided that it should be terminated at the pleasure of either of the parties.

On May 15th, 1875, another contract was made, containing this stipulation: "Said W. H. Forsyth agrees to give satisfactory security for all machines consigned, for the payment of any and every indebtedness to the said company, and for the prompt and faithful fulfilment of the terms and conditions of this agreement." It also contained a stipulation that it might be terminated at the pleasure of either party. Similar provisions were contained in the subsequent agreements dated respectively October 3d, 1876, May 15th, 1877, and October 4th, 1877. The answers aver that these agreements were entered into between the appellee and said William H. Forsyth. The appellee claims that these answers are insufficient, and that, inasmuch as the condition of the bond provides for "any and every indebtedness of the principal, now existing or which may hereafter in any manner exist," the question is settled against the appellants by the decision in *Morgan* v. *Smith American Organ Co., supra.*

In that case the condition of the bond was the same as in the case at bar. An answer averred that the principal became indebted to the obligees in $335, and for that amount gave his note to them without the knowledge or consent of the sureties, and that said note was taken in full payment of the debt. This answer was held bad because the obligation embraced all indebtedness, and it was held that no question arose as to the effect of extending time to the principal, because the obligation, like that in the case at bar, embraced all indebtedness of the principal, whether in the shape of book accounts, notes, leases, renewals or extension of notes and accounts. But the answer in that case did not present the question here presented.

The appellants claim that "the answers show that the bond and the agency contract were executed at the same time and for the same consideration, and that taking the transaction all together it amounted simply to this: The appellee employed William H. Forsyth as its agent; Elias R. and Burns were his sureties for the faithful performance of that contract; afterwards, without their knowledge and consent, the contract was materially changed several times, and finally was entirely annulled and a new indebtedness was created, on a different account."

There is nothing apparently in conflict with this statement except the facts, that the bond embraces "every indebtedness now existing or which hereafter may exist," etc., and that the contract of agency provides that "the said William H. Forsyth shall furnish satisfactory security for every indebtedness," as well as for the faithful performance of his duties as agent.

In *Judah* v. *Zimmerman*, 22 Ind. 388, it was held that a note and a building contract, executed at the same time, should be construed together, and that an alteration of the contract released the surety on the note. So, in *Ireland* v. *Montgomery*, 34 Ind. 174, where two contracts bore different dates, but the answer alleged that they were executed at the same time and were parts of the same transaction, this court held that for the purpose of judging of the sufficiency of the answer it must be regarded as true, as alleged, that the two instruments were executed at the same time and constituted but one contract. See, also, *Collier* v. *Mahan*, 21 Ind. 110; *Cunningham* v. *Gwin*, 4 Blackf. 341.

The appellee claims that even if the bond and the agency contract be construed together the liability of the bondsmen will not be abridged, because the agency contract provides that security shall be given for every indebtedness of the said William H. Forsyth, and the bond does the same, and such a contract can not be varied by parol evidence. *Allen* v. *Nofsinger*, 13 Ind. 494.

But the appellants insist that the general words of the two writings, thus jointly considered as an entire contract, should be restrained, and the liability of the bondsmen confined to what the parties plainly intended, namely, the acts and indebtedness of William H. Forsyth in reference to the business of the agency created contemporaneously with the bond. It is an old rule that "general words shall be restrained unto the fitness of the matter and the person." Bacon Max. Reg. 10. It is also a rule that the contract of a surety must receive a strict interpretation, and can not be extended beyond the fair scope of its terms. *Miller* v. *Stewart,* 9 Wheaton, 680.

The same rule is elsewhere stated as follows: A party to such a contract is not bound beyond the extent of the engagement which appears, from the terms of the contract and the nature of the transaction, to have been in contemplation at the time of entering into it. *Grocers' Bank* v. *Kingman,* 16 Gray, 473. And in *Reissner* v. *Oxley,* 80 Ind. 580, this court said: "The cases are numerous and consistent, which permit a resort to proof of the circumstances and situation of parties, when their contract was made, and of their transactions under it, when its terms are of doubtful or ambiguous meaning, for the purpose of arriving at the true intention."

The allegations of the answers being taken to be true, we think the bond and the agency contract should be construed together, and that, so construed, the words "every indebtedness now existing, or that may hereafter exist," have reference to indebtedness in the business of the agency, and do not contemplate indebtedness for the purchase of goods incurred after the contract of agency was terminated and all its liabilities settled. The court, therefore, erred in sustaining the demurrers to the answers in the original suit, and the complaint for review was sufficient. The court erred in sustaining the demurrer to it, and for this error the judgment upon the complaint for review should be reversed as to the said Elias R.

Forsyth and Columbus C. Burns; as to the said William H. Forsyth the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and .it is hereby in all things reversed, as to the said Elias R. Forsyth and Columbus C. Burns, at the costs of the appellee, and this cause is remanded, with instructions to the court below to overrule the demurrer to the complaint for review; and, as to the said William H. Forsyth, the judgment of the court below is affirmed, at his costs.

Petition for a rehearing overruled.