Irwin *et al. v.* Kilburn *et al.*

No. 12,208.

## IRWIN ET AL. *v.* KILBURN ET AL.

PRINCIPAL AND SURETY.—*Liability of Surety.*—A surety will not be held beyond the terms of his engagement, but the latter must be reasonably interpreted.

SAME.—*Contract.—Bond for Performance of.*—Sureties in a bond given to secure the performance of a contract are presumed to have contracted with knowledge of and reference to the terms of such contract, and they are bound by it if valid.

CONTRACT.—*Construction of.—Intention of Parties.*—Courts will give a written contract such a reasonable construction as will make it effective according to the intention of the parties, and for this purpose it must be considered as a whole.

SAME.—*Uncertainty.—Surplusage.—Sureties for Performance.*—A contract to do, according to specifications, all of certain kinds of work on the line of a railroad, " in the county of ————, State of Indiana," and " that the work embraced in this contract shall be prosecuted with such force and at such places" as the other party may direct, is not, taken as a whole, void for uncertainty in not naming the county, as the words " county of ————," may be rejected as surplusage, and the contract given effect and made binding on sureties for performance.

From the Carroll Circuit Court.

*R. B. F. Peirce* and *W. T. Brush,* for appellants.

*G. O. Behm, A. O. Behm, B. W. Langdon* and *T. F. Gaylord,* for appellees.

ZOLLARS, J.—It is alleged in appellants' complaint, that during the year 1879, they were partners, and engaged, as contractors, in the construction of the Indianapolis, Decatur and Springfield Railway from Indianapolis, through the counties of Marion, Hendricks, Putnam, and to a station in the county of Parke, a distance of about forty-three miles; that as such contractors they sublet certain work to appellee Henry L. Kilburn, and entered into a written contract with him. A copy of this contract, executed by him and them, is set out in the complaint. So much of it as needs to be set out here is as follows:

"Articles of agreement, made and concluded this 26th day

VOL. 104.—8

of May, in the year of our Lord, 1879, by and between H.. L. Kilburn, of Lafayette, Indiana, of the first part, and Irwin & Huestes, parties of the second part, witnesseth,. that for the consideration of the payment and covenants here-inafter mentioned, to be made and performed by the second party, the said party of the first part doth hereby covenant and agree to construct and furnish in the most substantial and workmanlike manner, and according to the plans and specifications of Henry C. Moore, chief engineer of the In-dianapolis, Decatur & Springfield Railway Company, on file in the office of the said railway company at Tuscola, Illinois,. and to the satisfaction and acceptance of said engineer, or his successors, and under his directions and under the directions of his assistants, the following work on the line of said rail-way in the county of ————, State of Indiana: All the pile-driving for trestling and foundations, and all the timber for trestles and foundations, and all timber we may need, and excavations for foundations.   Said work to be completed by the 1st day of September, A. D. 1879.   And it is mutually agreed and understood, that time is of the essence of this con-tract.   * * *   It is further agreed that the work em-braced in this contract shall be prosecuted with such force and at such places as said second party may direct."

To secure the due performance of this contract, according to its terms, on the part of Kilburn, and to save the appel-lants from loss by reason of its violation, Kilburn, as prin-cipal, and appellees Opp and Marks as his sureties, executed a bond in the penalty of $7,000, and payable to appellants. This action is upon that bond.

Appellants seek to recover upon the ground that Kil-burn violated his contract with them.   Opp and Marks de-murred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against them.   The demurrer was sustained, and appellants declin-ing to amend, judgment was rendered against them for costs. From that judgment they prosecute this appeal, and assign

as error the sustaining of the demurrer. The only question for decision here, therefore, is, does the complaint make a case against Opp and Marks, the sureties on the bond? If it does not, the demurrer was properly sustained. If it does, the sustaining of the demurrer was error, and the judgment must be reversed. The contention of the appellees is, that it does not, because the contract between Kilburn and appellants is void for uncertainty, especially as to the sureties on the bond, in that the county in which the work was to be done by Kilburn is not given in the contract. Their position is, that it is manifest from the contract, that the intention was to limit the work to some particular county or counties, and that as no county is named, the contract is neither certain nor complete.

That sureties are favorites of the law, and will not be held beyond the terms of the engagement, is well settled. *Miller* v. *Stewart,* 9 Wheat. 680; *Burns* v. *Singer Manfg. Co.,* 87 Ind. 541, and cases there cited; *City of Lafayette* v. *James,* 92 Ind. 240 (47 Am. R. 140), and cases there cited. It is clear here, also, that the liability of the sureties upon the bond in suit, must be measured by the terms of the bond and the contract therein recited. While that contract is not, in the full sense, their contract, it is so connected with their contract that they are bound by it if valid, and are not liable if it is not valid. *Miller* v. *Stewart, supra; Burns* v. *Singer Manfg. Co., supra; White Sewing Machine Co.* v. *Mullins,* 41 Mich. 339. The bond is to secure the faithful performance of that contract on the part of Kilburn, and to save appellants from loss by reason of its violation by him.

Appellees are presumed to have seen the contract, to have been acquainted with its terms, and to have contracted with reference thereto. And while they are not bound beyond its terms, the contract itself must be given a reasonable interpretation, in accordance with the settled canons of construction. The rule which requires that sureties shall not be bound beyond the terms of the engagement, does not require

nor authorize a forced and unreasonable construction of the contract with a view of relieving the sureties. To the extent that the contract is valid and binding, as properly interpreted, it fixes and limits the liability of appellees under the bond. Whatever valid contract Kilburn made with appellants, he is bound to perform. For any neglect on his part to perform that contract according to its terms, and for any violation of its terms by him to the prejudice and loss of appellants, the obligors in the bond are bound to respond in damages. The imposition of such a liability is not a changing or enlargement of the liability of the sureties, but simply holding them to the terms of the engagement as properly and reasonably interpreted. It, therefore, becomes a material inquiry to ascertain whether or not the contract is a valid one, and, if so, the scope and effect of its terms.

It is manifest that Kilburn intended to enter into a valid contract with appellants. It is equally manifest that the obligors in the bond intended to indemnify appellants against loss by reason of Kilburn's neglect to perform that contract or his violation of its terms. It is, therefore, the duty of the courts to give to the contract such a reasonable construction as will give it effect, for, as said in the case of *Gano* v. *Aldridge*, 27 Ind. 294, it will not be intended that the parties meant it to be a nullity. See, also, *Hackleman* v. *Board, etc.*, 78 Ind. 162; Bishop Cont., section 582.

It is well settled, also, as a leading rule, that a written contract shall be so interpreted as, if possible, to carry out what the parties meant. Bishop Cont., section 575.

In arriving at this intention, not only must the words used be considered in their literal and ordinary signification, but the contract must be considered as a whole. Mr. Bishop, in his work on contracts, at section 579, lays down the following: " Every clause and even every word of a contract should, when possible, have assigned to it some meaning, and a harmonious whole be made to appear; for so the parties plainly intended, nor especially would they wilfully insert

in their contract a mere idle provision." And, again, at section 580: "After efforts at interpretation have failed, what is still found repugnant to the rest may be rejected as surplusage." See, also, *Gano* v. *Aldridge, supra; Eldridge* v. *See Yup Co.*, 17 Cal. 44; *Cooley* v. *Warren*, 53 Mo. 166.

Tested by these rules, how stands the contract before us? It is stipulated therein, that Kilburn should "construct and furnish," according to the plans and specifications of the chief engineer of the Indianapolis, Decatur and Springfield Railway Company, "the following work on the line of said railway in the county of ———, State of Indiana." It is certain that the work was to be done on the line of the railway. It is also certain that the portion of the railway upon which the work was to be done is in the State of Indiana. The words and dash, "in the county of ———," standing alone, would seem to indicate an intention to limit the work to some one county. And, on the other hand, the fact that no county was named would seem to indicate an intention that none should be named, and that the work should not be confined to any particular county. Manifestly, therefore, the few words must not be considered alone, but must be taken in connection with all the rest of the contract.

While the amount of work to be done by Kilburn, as designated in the contract, might well have reference to some one county, and undoubtedly it would have, had a county been named, yet, in connection with the fact that no county was named, it indicates, in a small degree, that it was to be for the whole line of road in the State under contract by appellants. The terms are: "*All* the pile-driving and foundations, and *all* timber for trestles and foundations, and *all* timber we may need, and excavations for foundations."

There is a further provision of the contract which counsel seem to have overlooked in their briefs, and to which, doubtless, the attention of the learned judge below was not called, that we think is controlling. It is: "It is further agreed that the work embraced in this contract shall be prosecuted

with such force, *and at such places,* as said second party may direct." That is, properly construed, *all* the pile-driving, etc., *all* timber for trestles, *all* the timber appellants might need, and excavations for foundations, being the work embraced in the contract, should be done at such places on the line of the railway in the State as appellants might direct.

The probability is that in drafting the contract a printed blank was used, and that, instead of marking out the words " county of," the blank was left unfilled as accomplishing the same thing. However that may be, and without entering the domain of conjecture, we think, that taking the contract as a whole, the undertaking by Kilburn was to do the work, and furnish the timber for the line of road in Indiana, at such places as appellants might direct, and that, therefore, the words " county of" may be rejected as surplusage.

It follows that the court below erred in sustaining the demurrer by appellant Marks, and that the judgment must be reversed, at their costs.

Judgment reversed, with costs.

Filed Nov. 24, 1885.