## No. 123.

## McDonald v. Huestis et al.

PROMISSORY NOTE.— *Collateral Written Agreement.*— An agreement in writing, executed at the same time a promissory note is executed, with reference thereto, becomes a part of the contract, and it and the note must be construed together in ascertaining the liability of the maker of such note and his surety.

SURETIES.—*Construction of Contract of.*—A surety has a right to stand upon the very terms of his contract of suretyship ; but such a contract, like the contract of any other person, must be given a reasonable interpretation, in accordance with the established rules of construction—not a forced and unreasonable construction.

SAME.—*Collateral Contract as to Interest.*—*Liability for Interest Accruing after Note is Due.*—*Attorney's Fees.*—An agreement in writing signed by the payees of a note, that the surety "shall not be bound to us for interest, but for the principal alone," relieves the surety from all liability to pay the interest accruing before the note falls due, but not from liability for the interest accruing after its maturity, nor from attorney's fees allowed when suit is brought on the note.

From the Allen Superior Court.

*R. C. Bell* and *S. R. Morris,* for appellant.

*H. Colerick* and *W. S. Oppenheim,* for appellees.

NEW, J.—This was an action by the appellees, Huestis and Hamilton, against the appellant and one Marion A. Webb.

The complaint was on five promissory notes, each of date May 2, 1887, the first due in sixteen months, the others at successive dates thereafter, thirty days apart, all with 7 per cent. interest from date until paid, with attorney's fees, executed by the appellant and said Webb to the appellees.

The appellant answered, separately, for himself as to so much of the complaint as sought to recover interest and attorney's fees.

It is alleged in the answer that the notes sued on were of a series of twenty notes, given at the same time, for fifty dollars each, wherein said Webb was principal and the ap-

pellant surety. That as a part of the same transaction in which the notes were given, and to induce the appellant to sign the same as surety, the appellees executed to the appellant a writing as follows:

" FORT WAYNE, May 2d, 1887.

" This memoranda is to show that upon the twenty notes this day executed to us by M. A. Webb and Ronald T. McDonald, as his surety, McDonald shall not be bound to us for interest, but for the principal alone. Said notes being for fifty dollars each, and due in successive dates of thirty days apart.    HUESTIS & HAMILTON.

" By MONTGOMERY HAMILTON."

A reply was filed to the answer, and a demurrer thereto overruled and exceptions taken.

At the request of the appellant, the court made a special finding of facts, as follows:

"1. That the defendants executed and delivered the several notes herein sued upon, and the same were signed by said McDonald as surety for his co-defendant Webb, and no other consideration; that said notes are due and wholly unpaid.

"2. That contemporaneously with the execution of said notes, and as part of such transaction, the said plaintiffs executed and delivered to said McDonald, to induce him to sign said notes as surety, their agreement in writing, which is in the words and figures following: [Here follows the agreement contained in the answer and already given.]

"3. That the reasonable attorney's fees for bringing suit on said notes, are of the value and worth of ten per cent. of the principal and interest now due thereon.

"4. That the amount now due on said notes, including interest at seven per cent. from the date thereof, is two hundred and eighty-five dollars and ninety-seven cents, and the attorney's fee for the collection of the same is worth twenty-

McDonald v. Huestis et al.

eight dollars and fifty-nine cents, making in all the sum of three hundred and fourteen dollars and fifty-six cents.

"5. That the amount now due on said notes, including interest at six per cent. from the maturity of each note to the present time, is two hundred and fifty-eight dollars and thirty-three cents, and the attorney's fee for the collection of the same is worth the sum of thirty-five dollars and eighty-three cents, making in all the sum of two hundred and eighty-four dollars and sixteen cents."

Upon the foregoing facts conclusions of law are stated by the court as follows:

"1. Plaintiffs are entitled to recover judgment against said defendant, Marion A. Webb, as principal, the sum of three hundred and fourteen dollars and fifty-six cents, without any relief from valuation or appraisement laws.

"2. The plaintiffs are entitled to recover judgment against the defendant, Ronald T. McDonald, as surety for said Webb, the principal sum of two hundred and fifty dollars, with six per cent. interest on each note from the date of its maturity, and the further sum of twenty-five .dollars and eighty-three cents attorney's fee, making in all the sum of two hundred and eighty-four dollars and sixteen cents, without any relief from valuation or appraisement laws."

To the conclusions of law the appellant, McDonald, excepted. Webb, the principal, declined to join in the appeal.

Judgment was rendered upon the facts specially found, in conformity with the conclusions of law.

The appellant questions, by proper assignment of error, the conclusions of law stated by the court, so far as he is made thereby liable for interest on the notes sued on after their maturity and attorney's fees.

The notes sued on and the " memoranda " having been executed at the same time, and in relation to the same subject-matter, as shown by the special finding of the court, should be construed together. It is beyond dispute that the notes and " memoranda," so far as they affect the appellant,

must be considered as forming one contract. Counsel in the case do not differ on that point, nor is there any controversy between them about the execution of the notes, and the facts found by the court.

We do not think the court erred in its conclusions of law, as to the liability of the appellant.

The liability of the appellant must be measured by the terms of his contract.

That sureties are, in some respects, favorites of the law, and have a right to stand upon the very terms of their contracts, is well settled. But it is just as well settled that they are bound by their contracts, and that their contracts, like those of other persons, must be given a reasonable interpretation in accordance with the established rules of construction.

The rule which requires that sureties shall not be bound beyond the terms of their engagements does not require nor authorize a forced and unreasonable construction of their contracts with a view of relieving them. *Irwin* v. *Kilburn*, 104 Ind. 113; *. Weir Plow Co.* v. *Walmsley*, 110 Ind. 242.

It is a leading rule in the construction of contracts that written contracts shall, if possible, be so interpreted as to carry out what the parties meant. And to the end that this result may be attained, "Every clause and even every word of contract should, when possible, have assigned to it some meaning, and a harmonious whole be made to appear; for so the parties plainly intended, nor especially would they wilfully insert in their contract a mere idle provision." Bishop Contracts, section 579. *Irwin* v. *Kilburn*, *supra*.

As we have already said, the notes sued on and "memoranda" or writing executed by the appellees must be treated as forming the contract between them and the appellant.

In this contract was an absolute promise by the appellant to pay the principal of the notes at the maturity thereof. The undertaking and obligation to so pay was, as between the appellees and the appellant, just as binding and uncondi-

tional on the part of the latter as on the part of Webb, the principal on the notes.

It must be assumed, and should not be lost sight of, that this was distinctly in the minds of the appellees and the appellant in fixing other parts of the contract. If the appellant was to be bound for the principal alone, it was for the payment of the principal as he contracted to pay it, to wit, when the notes became due.

When the appellees executed the " memoranda," which is a part of the contract between them and the appellant, it was not necessary that the latter should be reminded or admonished that he was to pay the principal of the several notes at certain definite and stated times; the contract was declaring this all the while.

It is unreasonable to suppose that with the promise of the appellant to pay at a certain time, and with the expectation and desire on the part of the appellees that it should be so paid, it was nevertheless the intent and understanding of the parties, that no matter how much delay in payment there might be, nor what the circumstances attending the delay after maturity, the appellant should only pay the principal.

The terms of the contract do not require such an interpretation. It is more reasonable to hold that, inasmuch as it was the contract and expectation of the parties that the notes should be paid at maturity, the interest which they were contracting about, and which the appellant was not to be required to pay, was that, and that only, which the notes would bear from their date to their maturity.

The appellant was not to pay interest for that period, while the principal was to pay interest from the date of the notes. This was a favor or discrimination in favor of the appellant, that may naturally and reasonably have operated as an inducement to the appellant to become surety.

The notes sued on, we are informed by the appellant's answer to the complaint, are of a series of twenty notes for

fifty dollars each, and all alike, as we infer from the averments in the answer, except as to the time of payment. The " memoranda " related to all the notes. The notes named in the complaint all provide for the payment of attorney's fees, and it is a reasonable inference that the same was true of the other fifteen notes.

If it was the intention of the parties that in no event was the appellant to be liable for anything except the principal, why did he not require an exemption for himself from the payment of attorney's fees, especially as he was only surety, and when there were so many notes, and the aggregate amount considerable?

The construction we have given the contract gives to every word and clause in it, as we believe, a meaning that is reasonable and in all respects consistent with the settled rules of construction.

The assignment of error because of the overruling of the appellant's demurrer to the reply we pass without notice. It is not discussed in brief of counsel for appellant. Error which is not discussed by the party assigning it is waived.

The judgment is affirmed, with costs.

Filed May 1, 1891.