Filed April 8, 1892.

---

No. 15,482.

## RUSSELL v. MERRIFIELD.

CONTRACT—*Interpretation of.*—When the contract and the terms of the entire instrument taken together show conclusively that the wrong word has been used through inadvertence, it is the duty of the court to interpret the contract according to the manifest intention of the parties, and to instruct the jury accordingly.

From the Marion Superior Court.

*G. W. Spahr*, for appellant.

*E. F. Ritter* and *L. Ritter*, for appellee.

McBride, J.—The appellant and the appellee Charles E. Merrifield were engaged in business as partners. The partnership was dissolved by mutual consent, and the terms of the dissolution were evidenced by a written contract, which was executed in duplicate.

This suit was brought by the appellant, on the contract, alleging failure on the part of the appellee to perform certain of its conditions. A copy of the contract was filed with the complaint as an exhibit. · The copy thus filed contained the following:

" It is further understood and agreed that the party of the first part shall have all the assets of the firms of Russell & Merrifield and C. E. Merrifield & Co. (for and in consideration of the covenants hereinbefore set forth by him faithfully to be performed), excepting as hereinbefore mentioned, and that he (the party of the second part) shall pay all the indebtedness of the firms of Russell & Merrifield and C. E. Merrifield & Co., except as hereinbefore set forth."

The appellee, with other pleadings, filed a plea of *non est factum,* denying the execution of the contract thus set forth. He also filed a cross-complaint, based upon the same contract, and filed with it, as an exhibit, a copy of the contract. The copy thus filed was precisely like that filed by the appellant, except that in the portion above quoted the word " second " is used instead of " first," making it read: " It is further understood and agreed that the party of the *second* part shall have all the assets," etc., a difference of but one word, but a very material difference.

The court instructed the jury that the two contracts were in " legal effect one and the same contract," saying to them, in substance, that the law interpreted them alike.

The appellant's counsel contends that this action of the court was erroneous. This is the only error discussed. We do not deem it necessary to state the grounds upon which he bases his contention, nor to follow his argument. His position and his arguments are alike ingenious, but unsound. The object of the litigation was to determine and enforce the rights of the parties under a contract.

The question to be first answered was, what was the contract? Upon this the parties were agreed except as to one word. The reading of the contract made it clearly apparent

Smith, Treasurer, v. Rude Rros. Manufacturing Company.

that the intention of the parties was that the "party of the second part" should have the assets referred to ; indeed, the very sentence in which the disputed word occurs contains self-contradictory provisions if it be read "party of the first part."

In such a case, when the contract and the terms of the entire instrument taken together show conclusively that the wrong word has been used, through inadvertence, it is the duty of the court to interpret the contract according to the manifest intention of the parties, and to instruct the jury accordingly.

The judgment of the superior court is affirmed.

Filed April 8, 1892.