JENKINS v. PHILLIPS ET AL.

[No. 2,342.    Filed December 8, 1897.]

BONDS.—*Contracts.— Construction.— Surety.*—A surety on a bond given for the return of samples by the principal to plaintiff will not be released from liability thereon on account of the delivery of such samples to the principal, alone, because of a provision in the bond that the samples "intrusted to us be returned," etc., where the contract which such bond was given to secure provided that the samples were to be intrusted to the principal, as such surety knew. *pp. 562–566.*

SAME.—*Acceptance.—Notice to Surety of Delivery of Goods to Principal.*—Where a bond is executed to secure the return of samples furnished the principal, and such bond is accepted, no notice of the delivery of the samples was necessary to bind the surety.  *pp. 566–568.*

From the Marion Superior Court. . *Affirmed.*

*T. S. Rollins* and *Blackledge & Thornton,* for appellant.

*D. H. Bowles,* for appellee.

COMSTOCK, J.—This was a suit upon a bond; the appellees were plaintiffs below; process was returned, "not found," as to one Gibson, who was named as defendant in the complaint; the demurrer of appellant for want of facts was overruled. Upon the trial, at the request of appellant, the court made a special finding of facts and conclusions of law thereon. The conclusion of law was favorable to the appellees, and judgment was rendered thereon for $156.50, being $150.00 principal, and $6.50 interest.

Appellant assigns for error, that the court erred in

its conclusion of law upon its special finding.   The findings are in substance as follows:   Appellees, co-partners, as Phillips and Patterson, are manufacturers of pants, overalls, and other clothing; on July 6, 1895, they made an oral contract with Robert Gibson (the appellant having knowledge of the terms of said contract), by which they employed Gibson as a traveling salesman, to travel through Michigan, and there obtain orders for and sell goods of their manufacture; that it was agreed that at the expiration of his employment, when ordered by appellees, Gibson should return all samples of goods and clothing entrusted to him, in reasonably good condition; that upon said date, in consideration of said contract, and to secure performance of said condition, Gibson and appellant, as his surety, executed to appellees their bond, of which the following is a copy:   "Know all men by these presents, that we, Robert Gibson, of the town of Fargo, in the State of North Dakota, and William Jenkins, of Indianapolis, Indiana, as security, are held and firmly bound unto Phillips and Patterson in the sum of of one hundred and fifty dollars. * * * * The condition of the obligation is that the samples entrusted to us be returned to said Phillips and Patterson when ordered, in reasonably good condition."   Appellees, on said date, accepted said bond, notified appellants of its acceptance, and thereupon delivered to Gibson samples of their goods to the value of $163.50. Appellant was not present when the goods were delivered, and never saw any of them.   Gibson absconded with the goods; they have never been returned.   Gibson's whereabouts are not known; the whereabouts of the samples are not known.   Appellant was promptly notified of Gibson's default; he refused to pay the penalty of the bond.

Counsel for appellant contend, that the condition

of the obligation is that the samples be delivered to both the obligors "to us," not to the principal alone; that the samples were entrusted to the principal alone, and without the knowledge of the surety; that the condition of the bond was not complied with, and that therefore the surety was released; that sureties are favorites of the law, and are not bound beyond the strict terms of the engagement. This last proposition is nowhere questioned. Numerous illustrative cases are cited in the able brief of counsel. *City of Lafayette* v. *James,* 92 Ind. 240; *Graeter* v. *DeWolf,* 112 Ind. 1.

A bond is to be read in the light of the contract it is given to secure. The contract, as the court found, appellant knew, was to entrust samples to Gibson. The bond was to secure their return to appellees. The contract and bond should be construed together. The contract was not that they should be delivered to the appellant. The words used are not equivalent thereto; neither could a joint possession have been contemplated. Appellant lived in Indianapolis; Gibson was to travel in Michigan.

"The bond and the contract of agency, having been executed contemporaneously, are to be read together. And they are necessarily related to, and, so far as respects the bond, dependent upon each other.

"The extent of the engagement of the guarantors is to be measured by the terms of the contract which they signed, considered in reference to the nature of the transaction under contemplation at the time, and the agreement entered into, by the principal, for the due execution of which they agreed to answer." *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334.

"The bond and the contract of agency, having been executed concurrently must be construed together. It cannot be assumed that the bond was intended as a security for the payment of debts which were not con-

templated in the contract of agency, or a guaranty for the performance of obligations wholly outside of the contract with which it was executed.    Its scope must, therefore, be restrained to the terms of the contract between the sewing machine company and Sale." *Weed Sewing Machine Co.* v. *Winchel,* 107 Ind. 260. See, also, *Irwin* v. *Kilburn,* 104 Ind. 113; *Burns* v. *Singer Mfg. Co.,* 87 Ind. 541; *McDonald* v. *Huestis,* 1 Ind. App. 275; *John A. Tolman Co.* v. *McClure,* 10 Ind. App. 28; *Belonin* v. *Freeborn,* 63 N. Y. 383; Baylies on Sureties and Guarantors, p. 111; *Springfield Engine, etc., Co.* v. *Park,* 3 Ind. App. 173; *Weir Plow Co.* v. *Walmsley Co.,* 110 Ind. 242.

In *Beers* v. *Wolf,* 116 Mo. 179, 22 S. W. 620, the court said: "As there is a dispute as to the meaning of the contract, it may be stated here, that the contract of a surety must be construed like any other contract, that is to say, according to the intent of the parties.    There should be no strained construction in order to release or hold the surety.    The contract of the surety 'is to be construed according to what is fairly to be presumed to have been the understanding of the parties, without any strict technical nicety.'    *    *    *    'The rules for construing the contract of a surety or a guarantor, should by no means be confounded with the rule that sureties and guarantors are favorites of the law, and have a right to stand upon the strict terms of their obligations.    *    *    *    *    In the construction of the contract of a surety or guarantor, as well as of every other contract, the true question is:    What was the intention of the parties, as disclosed by the instrument read in the light of the surrounding circumstances? The meaning of the words is not affected by the fact that the party sought to be charged is principal, surety or guarantor.' "

As above stated, the rule which requires that sureties shall not be bound beyond the terms of the engagement, does not require nor authorize a forced and unreasonable construction with the view of relieving the sureties. The findings show that Gibson was employed, the bond executed, notice of its acceptance given, and the samples delivered all on the same day. It could only have been understood by the parties to the transaction that the bond was given to secure the return by Gibson of the samples when required. The expression used in the bond, "entrust to us," will not outweigh the fact that appellant knew the purpose of its execution to be to secure the return of the samples which were to be exhibited in the state of Michigan, where Gibson was to exhibit them and solicit orders.

The instrument should be construed according to its plain intent. *Russell* v. *Merrifield*, 131 Ind. 148; *Dodd* v. *Mitchell*, 77 Ind. 388.

Appellant claims that his rights were disregarded, in that he was not given an opportunity to protect himself by indemnity from Gibson, after the goods were delivered to him. The findings show that appellees notified him of the acceptance of the bond before the samples were delivered. He was thus put upon his guard.

Appellant further contends that not only notice of its acceptance was required, but notice of each advancement made under it. In the *Trustees of the Presbyterian Board, etc.*, v. *Gilliford*, 139 Ind. 524, appellee had executed the guarantee to appellant for sales, of $3,000.00. It appeared that immediately after the execution of the guarantee, the appellant notified the guarantors that it was accepted, and thereupon began selling to Patton books and periodicals on credit, and continued dealing with him until there was a balance due of $1,600.00 The aggregate of sales amounted to

$10,000.00, all of which Patton paid, save said balance. On suit being brought, it was answered, that the guarantors had not been notified of the sales, and it was contended that such notice was necessary. The court, in considering the construction to be given a guarantee, said: "Willes, J., in *Heffield* v. *Meadows*, Law Rep. 4, Com. Pleas 595, held that for the purpose of seeing what the parties were dealing about, it is proper to ascertain what was the subject-matter which they had in view when the guaranty was given; 'not for the purpose of altering the terms of the guaranty by word of mouth passing at the time, but as part of the conduct of the parties, in order to determine what was the scope and object of the intended guarantee.' This ruling was approved in Brandt on Suretyship and Guaranty, section 156." And after concluding that the guaranty was a continuing one, the court states, p. 530, "the answer states that the guarantors had no notice or knowledge of a large part of such sales. They had expressly guaranteed 'payment for all sales' which might be made by appellant to William A. Patton. It was their duty either to revoke that guaranty or to see that William A. Patton continued to make payment for the goods purchased." This decision was cited and approved in *Lane* v. *Mayer*, 15 Ind. App. 382, (see the cases therein cited), where the defendant complained that he had not only not been notified of the defense made, but had not even been notified that his guarantee was accepted, but the court held the guarantee to be absolute and complete, no notice was necessary. See, also, *Wright* v. *Griffith*, 121 Ind. 478, 6 L. R. A. 639.

In *Johnson* v. *Bailey & Co.*, 79 Tex. 516, 15 S. W. 499, a bond had been given to secure the return of samples entrusted by a business house to a traveling salesman, and the sureties plead that they were not bound be-

cause they were not notified of its acceptance, but the court held that though it was continuing, yet it was given as a part of the contract of employment, and that therefore not even notice of acceptance was necessary. Baylies on Sureties and Guarantors, p. 198, announces the rule, that where notice of acceptance is given and an intention to act under the guaranty, notices of delivery are not required each time a sale is made.

The bond in the case before us was complete, and notice of the delivery of the samples was not necessary. The court properly construed the contract of employment and bond together, and did not err in its conclusion of law.

The judgment is affirmed.