HERNLEY *v.* BRANNUM ET AL.

[No. 2,911. Filed November 29, 1899.]

CONTRACTS.—*Guaranty.—Complaint.*—Plaintiff was the holder of a note executed by P. for the sum of $1,523.81, with a balance remaining due of about $1,000, secured by mortgage on certain described real estate. Defendants guaranteed the payment of a certain note executed by P. for the sum of $1,000, payable to the order of plaintiff, in consideration that plaintiff release from a mortgage certain lots. *Held,* that the complaint was sufficient without asking for a reformation of the contract. *pp. 389-392.*

GUARANTY.—*Bills and Notes.—Complaint.*—In an action on a written undertaking guaranteeing the payment of a note, an allegation that

Hernley v. Brannum.

· "defendants have failed and refused to keep and comply with their part of said contract and to pay to said plaintiff said sum of $1,000, and that said sum is now due, it being due on said note, and remaining wholly unpaid," is a sufficient averment that the note guaranteed is unpaid to the amount of $1,000. *p. 392.*

GUARANTY.—*Bills and Notes.*—*Complaint.*—A complaint on a contract in the words "we, the undersigned, * * do hereby guarantee that a certain note, made and executed by P., for the sum of $1,000, payable to the order of H., on the 14th day of February, 1894, will be paid," is sufficient without averring diligence to enforce collection from the maker. *pp. 392-395.*

From the Madison Superior Court. *Reversed.*

*F. A. Walker* and *F. P. Foster,* for appellant.

*W. A. Kittinger, E. D. Reardon, W. S. Diven, M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellees.

COMSTOCK, J.—The complaint in this cause is in two paragraphs. The first alleges that on the 14th day of February, 1893, one Frank K. Pierce executed to appellant his two promissory notes, each for the sum of $1,523.81, due in one and two years respectively from date, with six per cent. interest from date, and with attorney's fees, payable without relief from valuation and appraisement laws. It further avers that on said date said Pierce executed to appellant and others a mortgage on certain real estate in Madison county, Indiana, describing the real estate; said mortgage having been executed to secure the payment of other notes besides the note of appellant herein, and said mortgage also being made to other mortgagees, being for the unpaid balance of the purchase money for said real estate described in the complaint. It further avers that afterwards, on the 16th day of November, 1893, the appellees by their certain written agreement, a copy of which is filed with said paragraph and made a part thereof, undertook and agreed to pay to appellant the sum of $1,000 on said note first becoming due, it being the one falling due on the 14th of February, 1894; that at the time of the execution of said contract, there was remaining unpaid on said note about $1,000, payments hav-

ing been made upon the same, and the exact amount being due was then unknown to the parties to said contract; and said note was described in said contract as a note for $1,000 payable to the order of appellant on the 14th of February, 1894. That said note of $1,523.81 was the only note executed to appellant by Frank K. Pierce due and payable on said date, and that said defendants under and by the aforesaid contract undertook and agreed to pay to said plaintiff the sum of $1,000 of said note; that in accordance with said contract entered into as aforesaid, she, with her husband joining therein, signed a release for forty lots included in the mortgage, it being the real estate described in said contract, and being the lots that were donated by the citizens for the purpose of raising the bonus to secure the Kelly Axe Manufacturing Works; and that she fulfilled and faithfully performed her part of the contract entered into as aforesaid. It is further averred that defendants failed and refused to keep their part of said contract and to pay to said plaintiff the said sum of $1,000 on the 14th of February, 1894; and that said sum is now due, it being due on said date, and remaining wholly unpaid.

The only difference, except as to the averment of nonpayment of the note, between the first and second paragraph is that while the first paragraph alleges that appellees "undertook and agreed to pay to the plaintiff the sum of $1,000 of said note," the second paragraph alleges that they "undertook and agreed to pay to this plaintiff the balance, or that part of said note then remaining unpaid." The agreement referred to and made a part of each paragraph, and dated on the 16th of November, 1893, and signed by appellees, is in the following language: "We, the undersigned citizens of Alexandria, Indiana, do hereby guarantee that a certain note made and executed by Frank K. Pierce of said city, for the sum of One Thousand Dollars ($1,000), payable to the order of Mary C. Hernley, on the 14th day of February, 1894, will be paid. In consideration of the afore-

Hernley v. Brannum.

said guarantee, the said Mary C. Hernley agrees to sign the release for forty lots situate in the southeast quarter section twelve, said lots being those that were donated to the citizens for the purpose of raising the bonus to secure the Kelly Axe Manufacturing Works, said release being in the hands of Hon. A. E. Harlan of this city."

The court sustained the separate demurrers for want of fact of each of the appellees to each paragraph of the complaint, and, appellant refusing to plead further, judgment was rendered against her for costs. The action of the trial court in its rulings upon the demurrers is the only question presented by this appeal. Appellees insist that the contract sued on is one in which the obligors are bound by the strict letter of the contract, and that the complaint is defective in the absence of any averment of mutual mistake or of fraud and a prayer for the reformation of the contract; that they are only bound, whether the contract is one of strict guaranty or an original promise, as to a note for $1,000 payable to appellant on the 14th of February, 1894, and no other and different note. We do not lose sight of the rule that the sureties and guarantors have the right to stand upon the strict terms of their obligations, but there should be no forced construction either to release or to hold them. The contract of a surety or a guarantor is to be construed like any other contract, that is, according to the intention of the parties. *Jenkins* v. *Phillips*, 18 Ind. App. 562; *Russell* v. *Merrifield*, 131 Ind. 148; *Dodd* v. *Mitchell*, 77 Ind. 388. The intention of the parties is to be ascertained from the instrument read in the light of the surrounding circumstances. Upon the subject of letters of guaranty, Mr. Justice Story, in *Lawrence* v. *McCalmont*, 2 How. 425, speaking for the court said: "We have no difficulty whatsoever in saying, that instruments of this sort ought to receive a liberal interpretation. By a liberal interpretation, we do not mean, that the words should be forced out of their natural meaning; but simply that the words should receive

a fair and reasonable interpretation, so as to attain the objects for which the instrument is designed and the purposes to which it is applied." To quote from *Beers* v. *Wolf*, 116 Mo. 179, 22 S. W. 621: "What is fairly to be presumed to have been the understanding of the parties, without any strict technical nicety?" Referring to the complaint, Pierce owed appellant a note for $1,523.81, due February 14, 1894; he had not executed to her a note for any other amount; on that note there remained due, by reason of payments, about $1,000. It will not be presumed that the execution of the contract was intended to be without meaning, or that it had reference to a note not in existence. They manifestly, as was understood by appellant, intended to secure to her the payment of the note due at the date named to the amount of $1,000.

It is said in *Wills* v. *Ross*, 77 Ind. 1, 40 Am. Rep. 279, at page 12, upon the description of a debt guaranteed: "It is not essential that the debt should be described with minute particularity." In view of the averments it was not necessary that the complaint should ask for a reformation of the contract.

It is claimed that the first paragraph is defective for the further reason that it nowhere avers that the note of Pierce was not paid. The only averment upon the subject is in the following language: "She further avers that the defendants have failed and refused to keep and comply with their part of said contract and to pay to said plaintiff said sum of $1,000 on the 14th day of February, 1894; and that said sum is now due, it being due on said note, and remaining wholly unpaid." This is an averment that the note guaranteed is unpaid to the amount of $1,000. The objection is not well taken.

Appellees argue that the contract in suit is a strict guaranty; that they guaranteed that Frank K. Pierce would pay the note, and that the complaint is therefore defective because it does not aver diligence to enforce the collection

from the maker. Appellant insists that it is an original undertaking. The text books and reports point out the distinction between the liability assumed by an original undertaking and a strict guaranty. The following quotation from *Nading* v. *McGregor*, 121 Ind. 465, 6 L. R. A. 686, in which Coffey, J., speaking for the court, on page 470 says: "It is often a question of very great difficulty to determine whether a particular instrument of writing constitutes a strict guaranty, or whether it constitutes an original undertaking. In a strict guaranty, the guarantor does not undertake to do the thing which his principal is bound to do, but his obligation is that the principal shall perform such act as he is bound to perform, or in the event he fails, that the guarantor will pay such damages as may result from such failure. It is this feature which enables us to distinguish a strict or collateral guaranty from a direct undertaking or promise. So that when an instrument of writing resolves itself into a promise or undertaking on the part of the person executing it to do a particular thing which another is bound to do, in the event such other person does not perform the act himself, it is said to be an original undertaking, and not a strict or collateral guaranty. In the latter class of contracts the undertaking is in the nature of a surety, and the person bound by it must take notice of the default of the principal."

In Brandt on Suretyship and Guaranty (2nd ed.), §102, it is stated that: "When the terms of a guaranty of payment fix the time within which the payment shall be made, if the payment is not made within the time prescribed there is a breach of the guaranty, and no steps need be taken against the principal, nor need his insolvency be shown in order to charge the guarantor."

Baylies on Sureties and Guarantors, page 17, thus states the rule: "A guaranty of payment of a note is an absolute, unconditional undertaking on the part of the guarantor that the maker will pay the note when due, or that the

guarantor will pay the debt at maturity if the maker does not; and the contract of the guarantor is broken upon the failure of the maker to meet his obligation." Citing, *Brown v. Curtiss*, 2 N. Y. 225; *Allen* v. *Rightmere*, 20 Johns. 365.

The language of the instrument in suit is that the note in question will be paid. The complaint does not describe it as commercial paper. If the rule, as stated by Baylies, adds the words "at maturity" to the contract under consideration, making it read "will be paid at maturity," the time in which the note is to be paid is thus fixed, and it would be immaterial whether the contract is an original undertaking or of strict guaranty, for in neither case is it required to aver due diligence in the prosecution of the demand against the maker of the note or that he is insolvent or unable to pay. Apart from the view just stated, we are of the opinion that the complaint is sufficient without an averment of diligence.

In *Furst & Bradley Mfg. Co.* v. *Black*, 111 Ind. 308, Mitchell, J., speaking for the court, on page 312 said: "Where, however, the guaranty is for the fulfilment of a contract already made, or for one executed contemporaneously with the contract of guaranty, or for the payment of an existing debt, or where the contract of guaranty is upon a consideration distinct from the credit extended to the principal debtor, and which moves directly between the guarantor and guarantee, notice of acceptance is unnecessary. In such cases the acceptance of the guaranty, and the performance of the consideration upon which it rests, are all that are essential to make the contract complete and enforceable. *Davis* v. *Wells*, 104 U. S. 159; *Wills* v. *Ross*, 77 Ind. 1, 40 Am. Rep. 279; *Kline* v. *Raymond*, 70 Ind. 271; *Cooke* v. *Orne*, 37 Ill. 186." While holding a part of the contract a "strict guaranty," the court uses this language: "Usually the contract of the guarantor is to answer for the default of his principal if by the use of diligence loss results from such default, while the surety is responsible at once upon his

Lake Erie, etc., R. Co. *v.* Mikesell.

direct engagement to pay." But the court holds that the failure to give notice and the resulting damages were, however, matters of defense, saying, at page 315: "In order to make it appear that they have been injured, they must aver and prove that their principal was solvent at the time of or since the default, and that he has since become insolvent or a nonresident, without property subject to execution within the State."

The contract before us was made for an existing debt; it was upon a consideration distinct from the credit extended to the principal debtor and which moved directly between the guarantor and guarantee. The consideration was performed on the part of appellant by the release of the lots; the note not having been paid, and appellees not having performed their engagement. Each paragraph is sufficient to withstand a demurrer. The judgment is reversed, with instruction to the trial court to overrule the demurrers to the first and second paragraphs of complaint.