Filed February 20, 1896.

---

No. 1,809.

## Warrum, Administrator, *v.* Derry et al.

PRINCIPAL AND SURETY.—*Contract of Surety Strictly Construed.*— The contract of a surety must receive a strict interpretation and cannot be extended beyond the fair scope of its terms.

BOND.—*Decedent's Estate.—Paying Widow's Distributive Share to Her Attorney.—Judgment.*—The condition of a bond providing for the payment to an attorney of the amount of the distributive share in an estate turned over by him to his client, in case he should be ordered to pay the same into court, is not broken by the recovery of a judgment for such amount against the client only, and it cannot be enforced by the administrator of such estate, although he procures an assignment thereof and the client is insolvent.

From the Hancock Circuit Court.

*H. Warrum,* for appellant.

*W. R. Hough* and *W. A. Hough,* for appellees.

DAVIS, J.—The facts out of which the controversy arises are set out in *Derry* v. *Morrison, Admr.,* 8 Ind. App. 50. The former action was dismissed. The administrator of the estate of James A. New assigned the instrument, executed to said New by the appellees, to the appellant, as administrator *de bonis non* of the Atkinson estate. The appellant then instituted the present suit against Joel Derry and Martha Derry.

The action is brought on the bond copied in the opinion in *Derry* v. *Morrison, Admr., supra.*

The cause was tried by the court on issue joined. The court made a special finding of the facts. The appellant filed a motion for a new trial, which was overruled and proper exception reserved. The conclusions of law were in favor of the appellees to which the appellant excepted.

The errors assigned are:

1. The court erred in overruling appellant's motion for a new trial.

2. The court erred in its conclusions of law.

When the final report was approved and the money for distribution was paid to the clerk, Mrs. Derry was entitled to her distributive share then on executing the proper receipt to the clerk. Instead of receipting for the money in person, Mr. New, as her attorney, received the money for her. In the absence of fraud, on what theory could the appellant have recovered in an action against New? Under the circumstances, Mrs. Derry is liable to the estate for the amount received by her, as for money had and received, but her husband is not liable as her surety unless he has become responsible by reason of the bond executed by him to New.

The final report of Morrison, administrator, and the order directing the clerk to pay the distributive share of Mrs. Derry to said New for her were afterwards set aside. The estate of said New is insolvent, and so is Mrs. Derry.

It is earnestly insisted that the bond was executed for the benefit of the Atkinson estate, and not merely for the personal indemnity of New, and also that setting aside the order of distribution was in effect, under the circumstances, an order on him to refund or repay said money to said estate, and, therefore, that the condition

of the bond has been broken.    Much stress in argument is laid on the fact that when the final report was made and approved, New was acting as the attorney for the administrator.    These circumstances, however, do not affect the rights of the parties in this action, because when he receipted for the distributive share of Mrs. Derry, he was acting, as before observed, as her attorney. In support of the equities of his claim in this action, the appellant refers to the fact that Mrs. Derry and the estate of New are insolvent.

Suffice it to say that these circumstances do not affect the questions involved in this appeal.    New received the money not on account of his financial responsibility, or because he was the attorney of the administrator, but by reason of the fact that he was then acting as Mrs. Derry's agent or attorney.    As between himself and Mrs. Derry, it may be well doubted whether he was in a position to dispute her right to the money he had received of the clerk on distribution for her.    However this may be, he exacted the indemnifying bond when he paid the money to her.    The express condition of the bond is that, in case he is ordered to refund or repay the money, they, Mrs. Derry and her husband, will pay said money to New on demand.    The order of the court to pay the distributive share of Mrs. Derry, according to the final report to Mr. New for her, was set aside, but there was no order that he should refund or repay the money so received by him for her to anyone.

The rule is that the contract of a surety must receive a strict interpretation and cannot be extended beyond the fair scope of its terms.    *Burns* v. *Singer Mfg. Co.*, 87 Ind. 541, 548.

In another case it is said: "That sureties are favorites of the law and will not be held beyond the terms of

the engagement, is well settled." *Irwin* v. *Kilburn*, 104 Ind. 113.

In *City of Lafayette* v. *James*, 92 Ind. 240, the court says: "The law is too well settled to admit of discussion that sureties are favorites of the law, and are not bound beyond the strict terms of the engagement; that their liability is not to be extended by implication beyond the term of their contract which is said to be *strictissimi juris.*" See *Hart* v. *State, ex rel.*, 120 Ind. 83.

As stated on the former appeal : "We are unable to construe this bond to be other than a simple bond of indemnity made for the protection of New. Its words are plain and unambiguous. There is not the least hint that it is for the protection of the administrator or estate."

This construction we still think is correct.

The appellant's rights in the bond under the assignment thereof to him cannot in any event be greater than the rights of New or his estate therein prior to the assignment.

Assuming that under the terms of the bond an order on him by the court in a proper proceeding to refund or repay the money so received by him on distribution for her would have entitled him to proceed against the appellee on the bond to recover the money, there is no right of action, in our opinion, in behalf of the appellant in the absence of such order. The setting aside of the judgment approving the final report, and the order under which New received her distributive share of the estate for her cannot, in our opinion, be construed as an order on him to refund or repay the money so received by him for her to the Atkinson estate.

If the Atkinson estate is without remedy, such condition does not arise solely out of the receipt of the

money from the clerk by New, or the payment thereof by him to Mrs. Derry, but it arises primarily out of the fact that there was a mistake in the final report of the administrator and the order of distribution based thereon. If the money had been paid by the clerk to Mrs. Derry in person, she would have been liable to the estate, as she is now, for money had and received. If New, or her attorney had paid the money to her without exacting an indemnifying bond, it is doubtful whether the estate could have recovered the money from him. Having exacted the bond for his own indemnity, he could not proceed thereon against the signers thereof until there was a condition broken giving him such right of action. The surety thereon is only bound by the term of his agreement as written in the bond. As there has been no condition broken, and as he has not been damnified, the appellant is not entitled to recover thereon as his assignee.

We find no error in the record.

Judgment affirmed.

Filed February 21, 1896.