Dunlap v. Eden et al.

Filed June 18, 1896.

No. 2,063.

## DUNLAP v. EDEN ET AL.

PLEADING.—*Complaint.*—*Exhibit.*—*Construction.*—*Bond.*—In an action on a contractor's bond, the terms of the bond are controlling, and not the allegations of the complaint in relation thereto.

BOND.—*Of Subcontractor.*—*Extent of Sureties' Liability.*—The sureties on a bond given by a subcontractor, conditioned that he will complete the work contracted for, and that he will save the contractor harmless and indemnify him against loss arising out of or by reason of any lien created by reason of the work to be performed, or materials furnished by such subcontractor, are not bound to pay for work and material furnished to the subcontractor, the bond not providing that the subcontractor shall fully keep and perform his contract with the contractor.

SAME.—*Liability of Sureties.* — Sureties on a subcontractor's bond are only bound to the extent that they guarantee the payment of debts.

SAME.—*Scope Of.*—A new condition cannot be added to a bond, in the absence of mistake, where it appears to be complete and perfect on its face.

SURETYSHIP.—*Construction.*—The contract of a surety will be strictly construed.

From the Johnson Circuit Court.

*W. Eldridge* and *F. E. Barker*, for appellant.

*J. S. Duncan*, *C. W. Smith*, and *H. H. Hornbrook*, for appellees.

DAVIS, C. J.—This action was brought by appellant as plaintiff, against the appellee, Eden, as principal, and the appellees, Johnson and Anstis, as sureties, upon a bond executed by said Eden to one Robert Waggener. The demurrer of the sureties was sustained to the complaint, by the court below, and the appellant refusing to plead further, the court rendered judgment on the demurrer.

The only error assigned in this court, is, that the court erred in sustaining the demurrer of Johnson and Anstis to the complaint.

Waggener entered into a contract with the city of Franklin to erect a building for city purposes, and he sublet the brick work to the appellee Eden.

The bond in suit reads as follows:

"Know all men by these presents, that we, Asa Eden, John J. Johnson and William J. Anstis, of Marion and Johnson counties, State of Indiana, are held and firmly bound unto Robert Waggener in the penal sum of ($5,953.00) five thousand, nine hundred and fifty-three dollars, for the payment of which well and truly to be made, we bind ourselves, administrators, heirs and assigns, jointly and severally, firmly by these presents, dated and sealed this 31st day of August, 1895. The condition of the above obligation is such that, whereas, the said Asa Eden has entered into a contract under this date, with the said Robert Waggener, to do and complete the brick work and furnish materials therefor for a city hall, to be built in the city of Franklin, Indiana, according to plans and specifications, conditions and contract, prepared by

S. C. Dark & Co., architects, of Indianapolis, Indiana, and such changes as may be made therein. Now, should the aforesaid contractor, Asa Eden, do and complete said work, as aforesaid, and protect and save the said Robert Waggener against any and all loss, costs, attorney's fees, or other expenses of whatever nature, caused by lien or liens which may be created upon said house or the real estate upon which it is to be placed by any sub-contractor, laborer, artisan, or persons furnishing materials therefor, then this obligation to be null and void, otherwise to remain in full force and effect. This obligation shall not be affected by any changes made in the material or workmanship of, in the terms of the contract. This bond is to be enforced without relief from valuation or appraisement laws. Witness our hands and seals, this 31st day of August, 1895.

"Asa Eden,

"John J. Johnson,

"William J. Anstis."

The appellant avers that afterwards, at the special instance and request of said Eden, he furnished materials used in the construction of said building of the value of one hundred and fifty dollars and seventy cents, for which said Eden failed to pay him.

Are Johnson and Anstis liable on the bond executed by them as sureties for Eden to Waggener, for the materials furnished by Dunlap to Eden? This is the only question presented for our consideration.

In the written contract between Waggener and Eden, the latter agreed "to do all the work * * and to furnish all the materials for the brick work," and also that he would "pay any and all persons * * * furnishing any material or materials therefor." It will, however, be observed that the bond is not con-

ditioned generally that Eden shall, in all things, faithfully perform and execute the contract entered into between himself and Waggener; nor specially that he shall pay for material.

There are two conditions, which, if performed, exonerate the sureties.

1.    That Eden shall do and complete the work.

2.    If he shall save said Waggener harmless and indemnify him against loss, etc., arising out of or by reason of any lien, etc.

It is not alleged in the complaint that the work was not fully completed, according to the terms of the contract between said Waggener and Eden. Neither is it averred that any lien was filed for material, or that said Waggener suffered any loss by reason of the failure of said Eden to pay for any material.

The averment is that said Eden, "before said materials were furnished by said plaintiff, executed to the said Waggener an agreement and bond in the penal sum of five thousand, nine hundred and fifty-three dollars, with defendants John J. Johnson and William J. Anstis as sureties thereon, guaranteeing that the said Asa Eden would promptly pay all debts incurred by him in the construction of said building, including materials furnished him therefor."

While it is true that, in the contract between Waggener and Eden, there is a provision that Eden "shall pay  *  * any and all persons furnishing any material or materials therefor, there is no such provision in the bond executed by Johnson and Anstis. It is not stipulated in the bond that Eden shall pay for the material used in the building.

The rule is that where a written instrument is the foundation of a pleading, and is made an exhibit, its statements will control the allegations of the plead-

ing. *Avery* v. *Dougherty*, 102 Ind. 443; *Bayless* v. *Glenn*, 72 Ind. 5; *Cotton, Exr.*, v. *State, ex rel.*, 64 Ind. 573.

Therefore, in determining the liability of the sureties in this action, we are governed by the terms and conditions of the bond, and not by the allegations in relation thereto in the complaint.

The contention of counsel for appellant is that the contract and bond, having been executed contemporaneously, are treated as one instrument, and that the sureties on the bond are bound for the performance of all the terms and conditions of the contract.

Assuming that the bond and contract should be read and construed together, it does not follow that the obligors on the bond are liable for all the debts contracted by Eden in the execution of the contract. They are only bound to the extent that they guaranteed the payment of such debts.

In *Singer Mfg. Co.* v. *Forsyth*, 108 Ind. 334, the condition of the bond was that "Forsyth should pay, or cause to be paid, any and every indebtedness or liability then existing, or which might thereafter in any manner exist or be incurred, on the part of William H. Forsyth, to the Singer Manufacturing Company, whether such liability should exist in the shape of book accounts, notes, renewals, or extensions of notes or accounts, acceptances, endorsements or otherwise."

In *LaRose* v. *Logansport Nat. Bank*, 102 Ind. 332, a condition of the bond, among others, was that the cashier should "account for and pay over all moneys," etc.

In this case, under the terms and conditions of the contract, Eden was to complete the work, pay for the work and material, and indemnify Waggener against loss, etc., but under the terms of the bond, the obligors were bound only that Eden should complete the work and indemnify Waggener.

In other words, as before observed, there is no provision in the bond that Eden shall pay for the work and material. There is no general condition in the bond that Eden shall, in all things, fully keep and perform the contract between himself and Waggener. There is no provision therein of similar import. The language of the bond is clear, plain, and explicit, and there is no averment that there was any mistake in drawing the bond, by reason of which the condition that Eden should pay for labor and material was omitted.

It is a familar rule, that where a bond appears to be complete and perfect on its face, with conditions fully expressed, a new condition, in the absence of mistake, cannot be added. *Hart* v. *State, ex rel.,* 120 Ind. 83.

It is well settled, that the contract of a surety must receive a strict construction, and cannot be extended beyond the fair scope of its terms. *Warrum, Admr.,* v. *Derry,* 14 Ind. App. 442.

In our opinion, the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed June 18, 1896.