TOWN OF SALEM *v.* McCLINTOCK ET AL.

[No. 1,965.    Filed January 28, 1897.]

PRINCIPAL AND SURETY.—*Bonds.*—Where duties are imposed upon a principal in a non-official bond, which are not commonly attached to the position which he is filling, and no mention of such unusual or different duties is made in the condition of such bond, the sureties thereon can only be held for the default of the principal in the

performance of such duties as are commonly understood to belong to the class of employment by which the principal is designated. *pp. 660, 661.*

SAME.—*Extension of Liability of Surety by Implication.*—Sureties are favorites of the law and are not bound beyond the terms of the engagement, and their liability cannot be extended by implication beyond the strict terms of the contract. *p. 661.*

OFFICERS.—*Bonds.—Water Works Superintendent.—Liability of Sureties on Bond of.*—The sureties on the bond of a water works superintendent of a town are not liable for his default in failing to account for water rents collected by him, in the absence of any resolution or ordinance fixing the duties of such superintendent, or any condition in the bond sued upon authorizing him to collect water rents, although his contract of employment provides for such collection, as the collection of water rents forms no part of the duties of superintendent in the ordinary meaning of the word. *p. 662.*

From the Washington Circuit Court. *Affirmed.*

*S. H. Mitchell* and *R. B. Mitchell,* for appellant.

*David M. Alspaugh, John C. Lawler* and *Harvey Morris,* for appellees.

HENLEY, J.—Appellant filed its complaint in the lower court in four paragraphs, against Charles Mc-Clintock, Edward W. Barrett and Fred L. Prow, seeking to charge them as sureties upon four separate bonds executed by one Elkana Craycraft, as principal, and McClintock, Barrett and Prow as sureties. Appellees demurred jointly and separately to each paragraph of the complaint, all of which demurrers were by the court below sustained, and the appellant refusing to plead further, the court rendered judgment upon demurrer.

The only error assigned in this court is the ruling upon the demurrers.

Each paragraph of the complaint declares upon a separate bond; appellees McClintock and Prow being sureties on the bonds executed in 1891, 1892, and 1894, and McClintock and Barrett upon the bonds executed

in 1893. Elkana Craycraft, the principal in all the bonds declared upon, is now dead, and died prior to the commencement of this action.

The appellant is an incorporated town, and is the owner of a system of water works for supplying its inhabitants with water and for protection against fire, and by written contract employed Elkana Craycraft to superintend such water plant.

The contract entered into between appellant and Craycraft is as follows:

"This contract made and entered into by and between the town of Salem, in Washington county, Indiana, and Elkana Craycraft, of Salem, Indiana, witnesseth, that the said town of Salem, by its proper officers, has this day employed the said Craycraft to serve as superintendent of the water works of said town for the period of one year from the 3d day of October, 1893, and in consideration of the faithful performance of the service hereinafter specified by said superintendent, said town agrees to pay said Craycraft the sum of $374.50 per year, the same to be allowed and paid in monthly installments. The duties required of said superintendent under this contract of employment are as follows, viz: He shall attend to and do all the pumping required. He shall collect water rents, and shall keep a water-works ledger, and open and keep an accurate account with each water consumer. He shall make and keep up all necessary repairs for said water-works system. He shall attend to the slushing out of the hydrants and pipes of said system, and especially the dead ends thereof, as often as is necessary to keep the water pure and wholesome. All material to be used for repairs is to be furnished by said town without any intervening agency, and no bills for repairs will be allowed by the Board of Trustees of said town without being first

Town of Salem *v.* McClintock *et al.*

authorized by said board, and finally such superintendent is to discharge all duties usually devolving upon such an official and not specifically herein enumerated.

"Witness the seal of said contractor, and the name of the President of said Board of Trustees, attested by the clerk of said town this third day of October, 1893.

[SEAL.]                    ELKANA CRAYCRAFT,

CHAS. A. ALLEN, Pres.

Attest: JOHN W. SPAULDING, Town Clerk."

And to secure the faithful performance of his duties as superintendent of the water-works of the town of Salem the said Craycraft and his sureties at different times executed four several bonds covering all the time said Craycraft was such superintendent, which bonds are all alike, and are in words and in figures as follows:

"State of Indiana, Washington county: Know all men by these presents that we, Elkana Craycraft, Charles McClintock and Fred L. Prow are held and firmly bound unto the trustees of the town of Salem, in the State of Indiana, in the sum of one thousand dollars ($1,000.00) for the payment of which we bind ourselves, our heirs and personal representatives. The consideration of the foregoing bond is such that whereas the above bound Elkana Craycraft has been employed or elected superintendent of the water-works of the town of Salem, in Washington county, Indiana; now if the said Craycraft shall faithfully and impartially discharge his duties as such superintendent of the water works, according to law and contract, then this bond shall be void, otherwise to remain in full force and effect."

Which several bonds in words as above set out were signed and acknowledged by the principal and the

sureties, the appellees herein. Appellant seeks to recover from the sureties on said bonds, moneys collected as water rents by said Craycraft, which he appropriated to his own use and failed to account for.

The bonds declared upon in appellant's complaint are not official bonds; but the trustees of the town had the right to employ Craycraft as a superintendent in the management of the water works, and to accept a bond from him conditioned for the faithful performance of his duties as such superintendent, and he became in no sense an officer of the town by such employment. Section 4257, Burns' R. S. 1894; *City of Lafayette* v. *James*, 92 Ind. 240.

There is nothing in the record of this cause showing that the trustees of the town of Salem had by ordinance or resolution created the office of superintendent of the water works, or by any ordinance or resolution defined or attempted to define the duties of a superintendent of water works.

The word superintendent, in its ordinary acceptation, means, one who superintends, a director, an overseer; and in the absence of an undertaking defining, fixing, and enlarging his duties, his duties must be taken to be such, and such only, as the ordinary acceptation of the word would imply. There is nothing in the word superintendent, in the common use of it, which implies that he shall be a collector of moneys, much less a financial agent for the settlement of accounts and the handling of the revenues of a city or town. *City of Lafayette* v. *James, supra.*

The sureties upon the bonds in this cause promise to answer for the default of the principal, Elkana Craycraft, as *superintendent* of the water works, in the ordinary meaning of the word, *unless*, as appellant contends, the words, "according to law and contract," create a different liability.

The allegations of the complaint do not, nor could they increase or change the obligations assumed by the appellees upon the bonds in suit. *Dunlap* v. *Eden,* 15 Ind. App. 575.

There is no general condition in the bonds, that Craycraft shall in all things fully keep and perform the contract between himself and appellant; there is no provision therein of similar import; neither the fact of the existence of a contract between Craycraft and the appellant, the date of entering into such contract, nor any one, or part, or all of the obligations contained therein are in any way mentioned or referred to in the bonds executed by appellees. The bonds, we think, appear complete and perfect upon their face, and in the absence of mistake a new condition cannot be added. *Dunlap* v. *Eden, supra.*

We are further of the opinion that where duties are imposed upon a principal in a bond, not official, which are not commonly attached to the position which he is filling, and no mention of such unusual and different duties is made in the conditions of such bond, that the sureties upon such bond can only be held for the default of the principal, in the performance of such duties as are plainly and commonly understood to belong to the class of employment by which the principal is designated.

It is well settled that sureties are favorites of the law, and are not bound beyond the strict terms of the engagement, and their liability cannot be extended by implication beyond the strict terms of the contract. *Weir Plow Co.* v. *Walmsley,* 110 Ind. 242; *Dunlap* v. *Eden, supru; Post, Admr.,* v. *Losey,* 111 Ind. 74.

The court in the last mentioned case says: "A surety is bound only by the strict terms of his engagement. He assumes the burdens of a contract without sharing its benefits. He has a right to prescribe the exact

terms upon which he will enter into the obligation, and insist upon his discharge if those terms are not observed. It is not a question whether he is harmed by a deviation to which he has not assented. He may plant himself upon the technical objection, *non haec in foedera veni*—this is not my contract."

In the absence of any resolution of the trustees of the town of Salem, and in the absence of any ordinance fixing the duties of said Craycraft, which resolution or ordinance would have been open to the public, and in the absence of any condition in the bonds,. declared upon in this action, extending said Craycraft's authority *to the collection and accounting* for the water rents, and in the absence of any statement in said bond mentioning or identifying any additional obligation imposed upon said Craycraft by contract with appellant, or that any contract between Craycraft and appellant in fact existed, we are of the opinion that the lower court did not err in sustaining the demurrers to each paragraph of the complaint.

Judgment affirmed.