## BROWN *v.* MARKLAND ET AL.

[No. 2,771. .Filed March 31, 1899. Rehearing denied June 30, 1899.]

BONDS.—*Construction of Schoolhouses.*—An action may be maintained against the sureties on a bond given by a contractor to secure the performance of a contract to construct a school building by one furnishing labor and material in the construction of such building. *pp. 654, 655.*

SAME.—*Construction of Schoolhouse.*—*Condition as to Payment of Claims.*—A condition in a contract for the construction of a school building that there should be no claims against the contractor for work or material in the construction of the building, imposes upon the contractor an obligation to discharge the claims, and his failure to pay and discharge such claims constitutes a breach of the contract for which the sureties on his bond are liable. *p. 655.*

SAME.—*Action On.*—*Variance.*—The fact that a complaint in an action on a contractor's bond alleges that the contract and bond were executed on the same date, and the exhibit shows that the bond was executed five days after the execution of the contract, does not amount to a variance, where the undertaking clearly identifies the contract. *pp. 655, 656.*

From the Shelby Circuit Court. *Reversed.*

*Lee F. Wilson* and *D. H. Thompson*, for appellant.

*K. M. Hord* and *E. K. Adams*, for appellees.

COMSTOCK, J.—The appellant in this cause sued the appellees upon a bond executed by them to "Van Buren School Township, State of Indiana, and James F. Reed, Trustee," to recover for materials furnished to and used by George W. Markland in the construction of a schoolhouse. A joint demurrer of appellees (sureties) to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action was sustained, and appellant refusing to plead further, the court rendered judgment for costs against appellant in favor of appellees, and in favor of appellant against Markland for the amount of the claim. The action of the court in sustaining said demurrer, and in rendering judgment against appellant, is assigned as error on this appeal.

The complaint avers that Markland entered into a contract with the township trustee to build a schoolhouse, and furnish the material and labor therefor, and, to secure the performance of the same, and payment of all bills and claims for materials furnished and labor performed by third persons in its construction, Markland's co-appellees bound themselves to said trustee as sureties for said Markland, in the sum of $5,000, for the fulfilment of the contract, of which contract and undertaking appellant had knowledge when he furnished the material on account of which he sues. It is alleged that the building was completed and paid for; that the contractor is insolvent. The contract is signed by Reed, trustee, and Markland, and the undertaking which is attached thereto as a part thereof is signed by the sureties alone. The position of appellees is that the undertaking is executed to the township for its protection against Markland, —nothing more; that it does not bind the sureties to pay for labor or materials to any other person than the township. Appellant claims that the obligation on the part of the sureties that Markland should perform his part of the contract rendered the sureties liable for materials furnished, under the following provision of the contract, viz.: "Provided,

that in each one of said payments a certificate shall be obtained from, and signed by, James F. Reed, trustee, to the effect that the work is done in strict accordance with the drawings and specifications, and that he considers the payments properly due; a certificate, however, in no way lessening the total and final responsibility of the contractor; neither shall it exempt the contractor from liability to replace work if it be afterwards discovered to have been done ill, or not according to drawings and specifications, either in execution or material; and provided, further, that in each case a certificate shall be obtained by the contractor from the clerk of the office where liens are recorded and signed and sealed by said clerk after he has carefully examined the record and finds no liens or claims recorded against said work on account of the said contractor; neither shall there be any legal or lawful claim against the contractor, in any manner, from any source whatever, for work or material furnished on said work." This provision follows the provision for the payment of certain specified sums at the completion of certain classes of the work. The following is a condition of the undertaking: "Whereas George W. Markland has contracted to construct and complete a two-story brick schoolhouse for the sum of $2,925, dated July 21, 1892, hereto annexed, and the condition of this obligation is that if the said George W. Markland shall duly perform said contract then this obligation is to be void, but, if otherwise, the same shall be and remain in full force and value in law. Dated July 26, 1892."

It has been held by this court in *Williams* v. *Markland*, 15 Ind. App. 669, that an undertaking analogous in character to the one under consideration was made for the benefit of those who furnished material and performed labor, and "upon a further consideration, viz., the letting of the contract; and also that Markland was to pay for the material and the labor." The court in the cause cited gives as a reason for holding that the provisions of such contract were

intended for the benefit of material-men and laborers, that they were not permitted under the law to take a lien upon schoolhouses; citing *Jeffries* v. *Myers,* 9 Ind. App. 563; *Fatout* v. *Board, etc.,* 102 Ind. 223. It is clear, under the foregoing decision, that appellant is entitled to the benefit of the undertaking, if he is within the terms of the obligation. The obligation of the bond is to be read in the light of the contract it is given to secure. The extent of the engagement entered into by sureties must be measured by the terms of the contract of their principal. The contract and bond are to be considered together. *Jenkins* v. *Phillips,* 18 Ind. App. 562; *Dunlap* v. *Eden,* 15 Ind. App. 575. The liability of the sureties must depend upon the construction we place upon the signing of the contract and the undertaking. As already stated, the principal in the contract engaged to construct the building, furnishing the materials and labor therefor. He further contracted that there should be "no legal nor lawful claims in any manner from any source whatever for work or materials furnished in said work;" the sureties engaged that he should duly perform his contract. The provision in the contract that there should be no claims against the contractor for work or materials could only mean that he was to discharge such claims by their payment. It imposed upon him an obligation as binding as the stipulation that he should complete the building according to the plans and specifications, and his failure to pay the claim in suit admitted by the demurrer to be correctly stated, due, and unpaid, is as much a breach of the obligation as would have been the failure to erect the building.

Appellees' learned counsel attach importance to the fact that the contract and the undertaking bear different dates. It is averred in the complaint that the contract was entered into July 21, and that the undertaking was executed at the same time as a part thereof. The exhibit shows, however, the date of the contract to be July 21, 1892, and of the un-

dertaking July 26, 1892. The undertaking clearly identifies the contract it was given to secure as "the contract annexed hereto," and statement of the dates is not necessarily inconsistent with the averments of the complaint. The case of *Dunlap* v. *Eden, supra,* upon which appellees rely to sustain their position, is not at all analogous to the cause before us in the terms of the bond. In the case last cited there was no general condition in the bond that Eden, a subcontractor, and principal on the bond, should perform the contract into which he had entered, nor any provision of similar import. And the court therefore held that, although under his contract he was to pay for material and work, and indemnify Waggener, original contractor, against loss, that the material men could not recover against the sureties. The sureties in the case at bar obligated themselves that the contractor should duly perform said contract.

The demurrer should have been overruled. We are not unmindful of the rule that sureties are favorites of the law, and that the contract of a surety cannot be extended beyond the fair scope of its terms. But in construing contracts of suretyship, and contracts in general, the rule of construction is the same.

Judgment reversed, with instruction to overrule the demurrer to the complaint.

Wiley, J., absent.