## BARKER ET AL. v. MCCLELLAND ET AL.

[No. 7,570.   Filed April 26, 1912.]

1.  APPEAL.—*Special Findings and Conclusions of Law.—Failure to
Except to Findings.—Presumption.*—Where appellant excepted to
conclusions of law, but failed to question the correctness of the
findings of facts, it will be presumed that the facts found are
supported by the evidence.   p. 301.

2.  PARTNERSHIPS.—*Settlement.—Construction of Bond.*—The effect
of a bond executed by a copartner conditioned for the payment
to the other partners of any amount found to be due from him
on settlement of the partnership affairs, must be ascertained from
the language of the instrument as a whole and from the circum-
stances and conditions existing at the time of its execution.   p.
302.

3.  BONDS.—*Construction.—Variation of Terms.*—Where a bond is
definite and certain, nothing can be read into it which might in
any way vary its terms and conditions.   p. 302.

4.  PARTNERSHIPS.— *Settlement.— Separate    Contracts.— Construc-
tion.*—Where the plaintiff and his copartners entered into sepa-
rate agreements, at one and the same time, to arbitrate their
partnership affairs, the plaintiff agreeing to pay to his copart-
ners any sum due them upon settlement and they agreeing to pay
plaintiff in the event the settlement showed a sum due to him,
such agreements constituted one entire transaction and the court
will look to all of them to ascertain their full purpose.   p. 302.

5.  PARTNERSHIPS.—*Settlement.—Construction of Bond.*—Where the
members of a partnership entered into separate agreements to
arbitrate their partnership affairs, within a certain time, but
failed to effect a settlement by arbitration, a bond executed by
the plaintiff and conditioned to pay to his copartners "on settle-
ment, all sums of money as may be coming to them from the sale
of said real estate, and the final closing up of said partnership
affairs,   *   *   *   with six per cent interest from the time the

final settlement is made and agreed on by the parties," cannot be construed to include the payment of a judgment rendered against the plaintiff in a settlement of their differences by the court after the failure of the parties to carry out their agreements to arbitrate.  p. 302.

6.  PRINCIPAL AND SURETY.—*Liability of Surety.—Bonds.*—The obligation of the surety on a bond cannot be enlarged beyond the strict terms of the engagement.  p. 303.

7.  APPEAL.—*Review.—Conclusions of Law.*—In an action to cancel a bond, where it appeared that no present liability existed thereon and that none could arise in the future, the court did not err in its conclusions of law in favor of the plaintiff and in directing a cancelation of the instrument.  p. 303.

From Hendricks Circuit Court; *John C. Robinson,* Special Judge.

Action by William R. McClelland against Joel T. Barker and others. From a judgment for plaintiff, certain defendants appeal. *Affirmed.*

*Brill & Harvey* and *Samuel Ashby,* for appellants.

*Enloe & Pattison,* for appellees.

IBACH, P. J.—Appellee William R. McClelland brought this suit against appellants and the other appellees to cancel a bond which he, with such other appellees as sureties, had executed to appellants, to secure the payment of certain indebtedness to them, on certain conditions.  Appellants filed answer in general denial, and a cross-complaint against appellees on the same bond, to which cross-complaint appellees answered in general denial, want of consideration, and failure of consideration, and to these latter answers appellants replied in general denial.

The cause was tried by the court, who made a special finding of facts, and stated conclusions of law thereon.  The facts therein found, essential to the determination of this appeal, follow, in brief:  Appellee William R. McClelland and appellants were on January 16, 1903, and had been for some time prior, partners in the ownership and operation of the Cartersburg Mineral Springs property in Hendricks county, Indiana.  McClelland was indebted to appellants for

money advanced by them for him in the partnership business, but was claiming an unsettled account owing from appellants to him, which they disputed. All the partners, being desirous to sell the property, had executed an option to sell to a proposing purchaser, but appellants refused to carry out the option, except on condition that there should be a settlement of the partnership affairs, and McClelland should execute a bond to pay to them whatever might be found due from him to them on settlement.

On January 16, 1903, McClelland, and Barker who was acting with full authority for all of appellants, procured an attorney to draw up three several instruments in writing. The first and second of these follow in full:

"Whereas, there is an unsettled partnership existing between William R. McClelland, Thomas A. Prewitt, Alfred W. Carter, Joel T. Barker, William W. Quinn, growing out of the management of the Cartersburg Mineral Springs, now it is agreed that the settlement of said partnership affairs, if the partners above named can not agree on a settlement, then said McClelland shall choose one arbitrator and the said Prewitt, Carter, Barker and Quinn together shall choose one arbitrator and the differences between said partners shall be submitted to arbitration; and if the two arbitrators so chosen shall not agree then the said arbitrators shall choose a third arbitrator and the decision of a majority shall be binding on each and every one of said partners and the said partnership shall be settled accordingly.
Witness our hands the 16th day of January, 1903.
　　　　　　　　　W. R. McClelland.
　　　　　　　　　W. W. Quinn.
　　　　　　　. . . . . . . . . . . . . . . .
　　　　　　　　　Joel T. Barker.
　　　　　　　　　Alferd W. Carter."

"Whereas, Thomas A. Prewitt, Alferd W. Carter, Joel T. Barker, William R. McClelland, and William W. Quinn are the owners in fee simple and tenants in common of the farm on which is located the Cartersburg Mineral Springs, and are partners in certain personal property in and about and connected with said Springs and said real estate, and Whereas, the said

owners are about to sell the real estate, and proceed at once to settle up their partnership affairs in full, adjusting and settling all demands between the said partners. Now, We, William R. McClelland as principal and William H. Nichols and Charles F. McClelland and William. L. Wilson as sureties jointly and severally acknowledge ourselves bound to the said Thomas A. Prewitt, Alferd W. Carter, Joel T. Barker, and William W. Quinn, to pay them on settlement all such sums of money as may be coming to them, or either of them, from the sale of said real estate, and the final closing up of said partnership affairs, without relief from valuation or appraisement laws, with 6% interest from the time final settlement is made and agreed upon by the partners. And the said persons bind themselves to use all diligence in the sale of said personal property and the closing up of the partnership affairs. And such partnership affairs shall be finally closed up in ninety days from the date of this bond.

And whereas, there is an unsettled matter between the said William R. McClelland and the said William W. Quinn, now this bond binds the said McClelland to pay the said Quinn the amount he owes him on a settlement of the same.                                          ˋ

Witness our hands this 16th day of January, 1903.

Signed:

> W. R. McClelland
> Chas. F. McClelland
> Wm. H. Nichols
> ˜ W. L. Wilson.''

The third instrument was in terms similar to the second, purported to bind appellants to pay to McClelland, on settlement, the sum of money which might be coming to him, and was signed by appellants Barker, Quinn and Carter.

In consideration of the premises, and after the execution of the several instruments above, all the partners conveyed their interests in said lands, and McClelland received, without objection from appellants, the purchase price of his share, and applied it to the payment of his debts owing to Carter, Quinn and Prewitt, which were secured by mortgage on McClelland's interest in said lands.

After the execution of the agreement above set out, the

parties were unable to agree on a settlement, and within ninety days from January 16, 1903, the parties respectively chose an arbitrator, as provided for in said agreement, and within said time these arbitrators met, but were unable to agree on a settlement, and also on a third arbitrator. Thereupon, McClelland and appellants abandoned further attempts to arbitrate, and no arbitration or settlement was consummated, except through the process of suit, as set out below.

Appellants, in a suit for judgment and accounting in their partnership affairs, recovered judgment against William R. McClelland for $998 and costs, which remains in full force and is unpaid, which embraced all the matters in controversy referred to in the bond herein sued on, and no other matters, and which correctly represented the amount of indebtedness due from McClelland to appellants on the final adjusting of their partnership affairs, as determined by said litigation. Execution on this judgment was returned, "No property found," and McClelland was at the time of execution insolvent, and has been ever since.

The conclusions of law are as follows: (1) That plaintiff McClelland ought to have judgment and decree canceling and holding for naught the bond set out in his complaint; (2) that on the cross-complaint of defendants Barker, Quinn, Carter and Prewitt said cross-complainants are not entitled to recover against defendants thereto, or against any of them; (3) that plaintiff McClelland and defendants McClelland, Nichols and Wilson are entitled to recover judgment for their costs against defendants Barker, Quinn, Carter and Prewitt.

Appellants rely for reversal solely on error predicated in each of the court's conclusions of law. Appellees have assigned as cross-error that the cross-complaint does not state facts sufficient to state a cause of action.

The sufficiency of the complaint has not been questioned.

The gist of its averments is that appellee McClelland and appellants, who were engaged in business as copartners, were in dispute about partnership accounts, and agreed to submit matters to arbitration, and each to execute to the others a bond to pay to the other party the amount found due on settlement; that plaintiff had executed such a bond; that defendants had wholly failed and refused to carry out their part of said agreement, but retained the bond executed by plaintiff, McClelland, and refused to give it up, and he asks that they be directed to surrender the bond that it may be canceled.

Since the exceptions saved by appellants are to the conclusions of law only, and the correctness of the findings of fact is not questioned, it must be presumed that the facts found are supported by the evidence. The ultimate question, then, is, Was the court warranted, on the facts found, in granting to appellee the relief prayed for in the complaint?

Appellee's contention is that the bond was given solely for the purpose of insuring to appellants payment of the sums of money which might be coming to them provided there was a settlement of the partnership affairs by agreement or arbitration, within the specified time, and that it did not insure the payment of a judgment afterward obtained by appellants against said plaintiff. Appellants insist that the bond did include the judgment, and that from the very nature of the bond and the matters with which it was connected, if the settlement was not made by the parties themselves, then it was binding on appellees so far as the judgment of the court found anything due appellants from said plaintiff. This contention is clear from the cross-complaint itself. The evident theory upon which it proceeds is that the persons executing the bond were liable to pay the judgment. The closing paragraph of the cross-complaint is: "Said bond was given as security for the payment of the unpaid balance due from

said William R. McClelland as found in said judgment,'' and the alleged breach of the bond, on which the cross-complainants seem to rely, is the failure to pay such judgment.

The effect of a bond such as the one before us is to be ascertained from the language used in the instrument taken altogether, and from the circumstances and conditions existing at the time of its execution. In short, it must be construed according to the evident intention of the parties, and, in the absence of fraud or mistake, the rights of the contracting parties will be determined by the contract as it is actually written. There is nothing indefinite or uncertain in the bond now under consideration; it appears on its face to be complete, therefore no new obligation or conditions can be added. Courts can only construe contracts entered into by the parties, a contract cannot be made for them, and nothing can be read into their contract which might in any way vary its terms and conditions.

Applying these fundamental principles to the transaction under consideration, What was the purpose for which the bond was given? What are we to conclude was the extent of the obligation assumed by the parties executing it?

On January 16, 1903, the parties entered into separate agreements to arbitrate their partnership affairs, and each to pay to the other the sums found due on settlement, in order to be able to adjust their business affairs, and sell the land held by them as tenants in common. These agreements, as set out above, were all prepared and executed at one and the same time, and constitute one entire transaction, and since this is true, we have a right to look to all of them in order to ascertain their full purpose.

To secure a faithful performance of the obligations entered into by William R. McClelland, the bond in suit—the second instrument set out above—was executed. It seems to us that the only construction which could reasonably be placed on this bond is that the parties

thereto intended to be bound by its provisions if the partners could agree among themselves in the adjustment of their differences, or if not among themselves, then by arbitration. The bond begins: ''Whereas, the said owners are about to sell said real estate, and proceed at once to settle up their partnership affairs.'' The portion of the bond fixing the liability of appellees is as follows: ''to pay to them on settlement, all such sums of money as may be coming to them, or either of them, from the sale of said real estate, and the final closing up of said partnership affairs, * * * with 6% interest from the time final settlement is made and agreed upon by the partners.'' We would be wholly unwarranted in holding that the understanding of the parties extended beyond its tenor, and enlarged the evident intention of the parties, so as to include the payment of a judgment rendered by the court. This would be doing nothing less than to make an entirely new contract for them.

Besides, the sureties on this bond are to be protected by the law; their obligations are not to be enlarged beyond the strict terms of their engagements. *Irwin* v. *Kilburn* (1885), 104 Ind. 113, 3 N. E. 650; *Dunlap* v. *Eden* (1896), 15 Ind. App. 575, 44 N. E. 560; *Warrum* v. *Derry* (1896), 14 Ind. App. 442, 42 N. E. 1123.

The trial court has found that the parties themselves could not agree as to the several amounts due each, also that all efforts toward an arbitration were abandoned. These being the only contingencies on the happening of either of which the liability in the bond would arise, and they having failed, then the conclusion must necessarily follow that there was no breach of the bond before the bringing of this action, and no breach of the bond appearing from the facts found, appellants could not recover on their cross-complaint.

It appears not only that no present liability to appellants existed on the bond, but also that none could arise in future, for by its terms it restricted the liability of its signers to

payment of the sums found due from William R. McClelland to appellants on settlement of their partnership affairs by mutual agreement or arbitration within ninety days from its date. On failure and abandonment of mutual agreement and arbitration, when the prescribed time had elapsed, the bond became inoperative, and the court rightly directed it to be canceled.

The conclusions of law are correct on the facts found, and the judgment is affirmed.

Note.—Reported in 98 N. E. 300. See, also, under (1) 3 Cyc. 309; (2) 30 Cyc. 707; (3) 5 Cyc. 758; (4) 30 Cyc. 701; (5) 30 Cyc. 708; (6) 32 Cyc. 73. As to compromise and settlement between partners, see 40 Am. St. 564.